No. 2,425.

CHANCELLOR HARTSON, APPELLANT, *v.* R. S. HARDIN, RESPONDENT.

PLEADING.—STATUTE OF LIMITATIONS.—In an action for the value of services rendered, a plea which does not aver that the *cause of action* accrued more than two years before the commencement of the action, but only that the services contracted to be rendered by the plaintiff were rendered more than two years before action brought, is insufficient as a plea of the Statute of Limitations.

PRACTICE.—FINDING.—SURPRISE.—Where evidence tending in some degree to establish the value of plaintiff's services was admitted as competent after objection, the finding that there was no proof of the value of the services was calculated to operate a surprise on the plaintiff, and was therefore erroneous.

APPEAL from the District Court of the Seventh District, Napa County.

The complaint sets forth, that plaintiff, who is an attorney at law by profession, was employed by defendant in October, 1861, to apply for and procure a patent for a certain rancho in Napa County, in which defendant claimed under Julian Pope, deceased, an undivided one fifth interest, and to induce certain settlers or squatters residing upon portions thereof to remove therefrom, or otherwise to relieve

the premises of their possession or adverse claims, defendant undertaking, upon the receipt of the patent and the relief of the premises from said squatters, to pay plaintiff so much as said services for defendant should be reasonably worth ; that in pursuance of said agreement plaintiff took the necessary steps to procure the said patent, and in due time procured the issuance thereof, and the same was duly received by the heirs and patentees, on or about the 21st day of October, 1864 ; that before the day last aforesaid plaintiff had relieved the said rancho from all the squatters, who had been in possession adversely as aforesaid ; and that the services so rendered by plaintiff were reasonably worth the sum of eight hundred dollars, which the defendant became liable to pay on the said 21st day of October, 1864.

Defendant, in his answer, denied the allegations in the complaint, and alleged that the services were all done and performed, if at all, more than two years prior to the institution of this suit, and that all claims and demands against defendant in consequence thereof, if any, are barred by the Statute of Limitations.

The Court found that the services had been performed, and that the defendant had promised to pay for them, and rendered judgment for defendant on two grounds: First. That plaintiff's cause of action did not occur within two years of the filing of his complaint herein, and the same was barred by the Statute of Limitations. Second. That the services rendered by plaintiff were not proved to be of any value.

*C. Hartson* vnd *Thomas P. Stoney*, for Appellant.

*First*—The defendant's plea of the Statute of Limitations was not good.

1st. The plea was hypothetical. The allegation was "that the various services alleged in plaintiff's complaint to have been done and performed, were all done and performed, if at all, more than two years," etc. "It is not good pleading to say 'if any ditch or trench was dug, it was done with-

out the knowledge,'" etc. (Van Santvoord's Pleading, 201; *Weir* v. *Fanning,* 9 How. Pr. Rep. 545.)

2d. The answer did not state facts sufficient to constitute a defense under the Statute of Limitations. (*Shroeder* v. *Johns,* 27 Cal. 279; *Table M. Co.* v. *Stranahan,* 31 Id. 393; *Lick* v. *Diaz,* 30 Id. 65.)

The defendant alleged that the services were done and performed more than two years, but failed to allege facts showing that the cause of action accrued more than two years before the commencement of the action.

The time when the services were performed was immaterial under the case as presented by the complaint, and an admission of the truth of the allegations of defendant's plea would not have established the bar of the statute. The services were in fact performed more than two years before the commencement of the action, but the patent was received within two years.

3d. The defendant did not establish the bar of the Statute of Limitations.

The complaint was filed September 12th, 1866, within two years of the time when the patent was received by the claimants. (*Quackenbosh* v. *Enle,* 5 Barb. 469.)

*Second*—There was evidence of the value of plaintiff's services, and, in consequence of the ruling of the Court admitting the evidence, the plaintiff was induced to rest his case without further proof of the value of his services. "If the Court makes a ruling during the progress of a trial, the party in whose favor the ruling is, is entitled to have the case decided according to the ruling: provided, that if the ruling had been against him, he might have been able to remove the objection made by the other party." (*Carpentier* v. *Small,* 35 Cal. 347.)

*Wm. Wirt Pendegast,* for Respondent, filed no brief.

CROCKETT, J., delivered the opinion of the Court, RHODES, C. J., WALLACE, J., and TEMPLE, J., concurring:

The defendant's plea of the Statute of Limitations was not well pleaded. The contract, as set out in the complaint.

was that the plaintiff's services were to be paid for when the patent for the ranch should be received by the parties in interest. The plea does not aver that the cause of action accrued more than two years before the commencement of the action, but only that the services contracted to be rendered by the plaintiff were rendered more than two years before action was brought. If the facts alleged in the plea were conceded to be true, they would not establish that the demand was barred by the statute.

The Court find that the plaintiff duly rendered the services specified in the complaint, but that there was no proof of their value. If this be so, the plaintiff was at least entitled to nominal damages. But proof was admitted, after objection, tending, in some degree, however remotely, to establish the value of plaintiff's services; and if the Court intended to wholly disregard it as irrelevant or incompetent, it should have stricken it out on the trial, and have afforded the plaintiff an opportunity to produce other evidence, if he desired to do so. But first to admit it as competent evidence and then to hold in the findings that there was no proof whatever of the value of the services, was well calculated to operate a surprise on the plaintiff. (*Carpentier* v. *Small,* 35 Cal. 347.)

Judgment reversed and cause remanded for a new trial.

SPRAGUE, J., expressed no opinion.