[Civ. No. 663.   Second Appellate District.—September 3, 1909.]

## G. L. SMITH, Appellant, v. THE SINBAD DEVELOP-MENT COMPANY, a Corporation, Respondent.

CORPORATIONS—ACTION FOR SERVICES—EMPLOYMENT BY SECRETARY AND GENERAL MANAGER—ARTICLES OF INCORPORATION—IMPROPER EXCLU-SION OF ACCOUNT.—Where, in an action for services rendered to a corporation, an account stated, as "in accordance with terms of hiring," signed by one who designates himself as "secretary and general manager," and who at that time appeared from the articles of incorporation previously introduced in evidence to be designated therein as "secretary and general manager," until the next annual

meeting, no by-laws having been adopted at the time of signing such account, it was error to exclude the same from evidence, on the ground that the secretary had no authority as general manager to make the contract of hiring.

ID.—ADMISSIBILITY OF ACCOUNT STATED—AUTHORITY OF SECRETARY.— The admissibility of the writing as an account stated did not necessarily depend upon the original making of the contract; and such account stated, being a matter relative to the bookkeeping of the corporation, was clearly within the duties and authority of the secretary as such. And it was admissible on that ground, as a "pay-roll," a "time-sheet," or an "account stated," and it was error to exclude it as the act of the secretary.

ID.—FINDINGS AGAINST EVIDENCE.—Since the evidence showed that at the time of the employment of plaintiff, as well as of the account stated, the person signing it was, by the articles of incorporation in evidence, authorized to act for the defendant as general manager, and did employ the plaintiff and promise to pay him as alleged, the findings to the contrary, based upon the mere adoption of subsequent by-laws making the president the chief executive officer of the company, were against the evidence.

ID.—MATTERS OF SURPRISE AND IRREGULARITY NOT INVOLVED.—Where there is no specification in the motion for a new trial, connected with a change in the ruling of the court to defendant's surprise, or as constituting an irregularity of the court, under the appropriate subdivisions of section 657 of the Code of Civil Procedure, those matters cannot be considered upon the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

M. E. C. Munday, for Appellant.

Hester, Merrill & Craig, for Respondent.

TAGGART, J.—Action to recover for services rendered at an agreed salary. Judgment for defendant, and plaintiff appeals from judgment and order denying his motion for a new trial.

Plaintiff was employed by F. G. Downey, claiming to act as secretary and general manager of the defendant corporation, in and about the preparations for oil-well drilling opera-

tions in which defendant was about to engage. He rendered three months' services, and at the close of the third month received a paper, which he pleads as an account stated, in the words and figures following: "There is due to G. L. Smith for services performed for the Sinbad Development Company, in accordance with terms of hiring: 3 mos. at $225 per mo. & expenses, $675; Expenses paid out by Smith, 75. Dated Nov. 30, 1907. (Signed) F. G. Downey, Sec. & General Manager of Sinbad Development Co." When this instrument was offered in evidence it was objected to by defendant on the ground that it had not been shown "that he [Downey] had authority to make the contract." Which objection was sustained by the court and this ruling is assigned as error.

At the time of the tender of the instrument F. G. Downey, who employed plaintiff and who signed the paper in question, was asked: "Were you or were you not general manager of the Sinbad Development Company at the time you employed Mr. Smith?" Whereupon the court said: "There is no question but what he was. The articles of incorporation show that he was at that time, and he states that he didn't resign. That fact was proven, that he was general manager." Counsel for defendant then stated that he should contend that there was no office of that kind authorized by the by-laws, to which the court replied: "The articles of incorporation name him as general manager. . . . His duties might be fixed by the by-laws, but he was general manager according to the articles of incorporation until the annual meeting." Counsel for defendant then admitted that Downey was secretary, but contended that there was no such officer as general manager. The witness then stated that he signed the paper in question (designating it as the pay-roll) and delivered it to Smith, and the offer of the writing was renewed. Counsel for defendant objected to its introduction without stating any grounds, and the objection was sustained.

An excerpt from the articles of incorporation of defendant, which had been read into the record prior to the tender of this evidence by plaintiff, was as follows: "Article V. The affairs of the corporation shall be conducted by a board of directors and officers to be elected by the same, which said

board shall consist of such number and persons as may be elected by and from among the stockholders as provided by the by-laws. Until the first annual meeting of the stockholders and until their successors are elected and qualified, the following named persons shall be the directors and officers: . . . and F. G. Downey secretary and general manager.'' From the Arizona statute, which was read into the record by the court as part of defendant's case without objection (the corporation defendant being organized under the laws of that territory), it appears that articles of incorporation in that territory must provide (among other things): ''5. By what officers the affairs of the corporation are to be conducted and the time at which they are to be elected.'' The articles of incorporation were filed in Arizona June 10, 1907, and in this state in October, 1907, and no annual election was held or by-laws adopted until September 21, 1907. The by-laws so adopted make no provision for a general manager, and it was apparently the theory of the trial court that the provision in the by-laws that: ''The president shall be the chief executive officer of the company. . . . He shall sign and execute all authorized bonds, contracts or other obligations in the name of the company''—excluded the possibility of any general manager being appointed.

Waiving the effect of the provision of the Arizona statute, read by the court, that the articles of incorporation must contain the officers by whom the affairs of the corporation are to be conducted, and accepting the view that notwithstanding this provision the by-laws may provide what officers the corporation shall have, the by-laws were not adopted until September 21, 1907, and during the interval between June 10th and that date, by express provision of the articles of incorporation, Downey was secretary and general manager, and it was at this time that plaintiff was employed by him. The objection to the introduction of the writing in evidence that it had not been shown that Downey had authority to make the contract, we think, was without support. This objection, however, if good, was not sufficient to exclude the writing from evidence, as its admissibility did not depend upon the making of the contract. Whether considered as an account stated or an admission against interest by the defendant cor-

poration, its contents showed it related to the bookkeeping of the corporation, which was a matter clearly within the duties of the secretary of the corporation, and it was admitted by defendant that Downey was the secretary of the corporation at the time it was made and delivered to the plaintiff. It is admissible either as a "pay-roll," a "time-sheet," or an "account stated."

The views which we have expressed also operate to determine in favor of appellant the matter urged upon the ground of the sufficiency of the evidence to support the findings made by the court. We think the specifications are sufficient under the rule declared in *American Type Co.* v. *Packer,* 130 Cal. 460, [62 Pac. 744], *Swift* v. *Occidental Mining Co.,* 141 Cal. 161, [74 Pac. 700], and cases following them. The contention of appellant in his attack upon the findings in relation to whether or not an account was stated between the parties is based chiefly upon the exclusion of the evidence which, if it had been admitted, would have sustained his case. The sufficiency of only such evidence as has been introduced can be considered, and it is not competent for this court to say what a finding might or should have been if certain evidence which was rejected had been admitted.

We think the evidence shows that Downey was authorized to act for the defendant, and, acting on its behalf, did employ the plaintiff and promise and agree to pay him as alleged.

The objection urged by appellant that the court by its language during the trial led him to assume that it was satisfied that the authority of Downey, as general manager, had been established, and that the findings of the court inconsistent with such a view were a surprise to him, cannot be considered under the grounds of motion specified by him or the record before us. If there was a change in the ruling of the court to the detriment of appellant's case, he should have presented such a matter to the trial court upon his motion for a new trial as an irregularity of the court under subdivision 1 of section 657, Code of Civil Procedure (Hayne on New Trial, sec. 37; *Carpenter* v. *Small,* 35 Cal. 362; *Hartson* v. *Hardin,* 40 Cal. 267), or under the head of "accident or surprise," subdivision 3 of section 657. (*Cohen* v. *Alameda,* 124 Cal. 504, [57 Pac. 377].)

Judgment and order reversed and cause remanded for new trial.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1909.