[Civ. No. 882.    Second Appellate District.—January 3, 1911.]

## G. L. SMITH, Respondent, v. THE SINBAD DEVELOPMENT COMPANY, a Corporation, Appellant.

CORPORATIONS—ACTION FOR SERVICES—EMPLOYMENT BY GENERAL MANAGER—CERTIFIED DUE-BILL—EVIDENCE—LAW OF CASE.—Where the plaintiff, in an action for services against a corporation at an agreed compensation, was employed by one authorized to act as its "secretary and general manager," who had executed to him a certified due-bill thereof, signed by him in his official capacity, and it was determined upon a former appeal that the court erred in excluding such due-bill, and it was admitted upon the second trial, and judgment was rendered thereon against the corporation, it is the law of the case upon a second appeal that such due-bill was properly admitted as evidence against the corporation, to show an authorized employment.

ID.—ORGANIZATION UNDER LAWS OF ARIZONA—TWO INCORPORATORS—
PRESIDENT—SECRETARY AND GENERAL MANAGER.—Where the cor-
poration was organized under the laws of Arizona with only two
incorporators, one designated as "President," and the other as "Sec-
retary and General Manager," it must be assumed, since the corpo-
ration is admitted by the pleadings, that two persons may
organize under the laws of Arizona.

ID.—EVIDENCE—CONFLICT.—Where the secretary and general manager
testified that he laid the matter of the employment of the plaintiff
before the president, and that he assented thereto, the fact that this
testimony was contradicted by the president cannot detract from
the value placed thereon by the trial court when considered in sup-
port of the findings.

ID.—INSUFFICIENCY OF EVIDENCE.—The evidence shows that the secre-
tary and general manager was authorized to act for the defendant,
and acting on its behalf did employ plaintiff and promise and agree
to pay him as alleged.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial. W.
R. Hervey, Judge.

The facts are stated in the opinion of the court.

Hester, Merrill & Craig, for Appellant.

M. E. C. Munday, for Respondent.

SHAW, J.—Action to recover for three months' services
alleged to have been rendered by plaintiff for defendant at an
agreed salary of $225 per month.

Judgment went for plaintiff, from which, and an order
denying its motion for a new trial, defendant appeals.

The pleadings admit that defendant was duly incorporated.
One S. A. McDonald owned certain oil claims in Utah, and
in June, 1907, had defendant incorporated under the laws of
Arizona for the purpose of developing these claims. The
articles of incorporation designated McDonald as president
of the corporation and F. G. Downey as secretary and general
manager thereof. These two, with A. J. McPherson and S.
Piper, designated in said articles as vice-president and
treasurer, respectively, constituted the board of directors.
Neither McPherson nor Piper signed the articles of incor-
poration, and they had no knowledge that they were connected

therewith until after the alleged employment of plaintiff. In August, 1907, and prior to any meeting of the board of directors, Downey, claiming to act in his capacity as general manager of the company, and for and on its behalf, engaged plaintiff to perform certain services for it at an agreed salary of $225 per month.

The court found: "That plaintiff was engaged to perform services for the defendant by the said F. G. Downey, acting as general manager of defendant, and that between the first day of September, 1907, and the first day of December, 1907, the plaintiff rendered services to defendant, at its request, in accordance with said employment, in and about the preparations for oil-well drilling operations, about to be engaged in by the defendant, and in the purchase of equipment and machinery for that purpose." "That for the services of plaintiff, the defendant, through its general manager, promised to pay plaintiff the sum of $225 per month." Appellant attacks these findings upon the ground of insufficiency of the evidence, and insists that the acts of Downey as such general manager were wholly without warrant or semblance of authority, and were never ratified by the corporation, and that it is not bound thereby.

It appears that the only persons joining in the organization and incorporation of the company were McDonald and Downey; that neither McPherson nor Piper at the time had any knowledge that they were designated in the articles as directors and officers of the company, and that they, nor neither of them, ever signed the articles or became a party to the creation of or stockholders in the corporation. We must therefore assume, since the incorporation of defendant is admitted by the pleadings, that two persons may organize a corporation under the laws of Arizona. McDonald himself testified that "they [McPherson and Piper] knew nothing about it until a long time after its incorporation." Certain sections of the laws of Arizona introduced in evidence at the trial require that the articles of incorporation shall, among other things, contain a provision stating "by what officers the affairs of the corporation are to be conducted." The articles of incorporation of defendant provided that "the affairs of the corporation shall be conducted by its board of directors and officers to be elected by the board." That McDonald and

Downey were the officers of the corporation, the former its president and the latter its secretary and general manager, is not questioned by appellant. It further conclusively appears from the evidence that these two, at the time of the alleged employment of plaintiff, and up to about September 21, 1907, when Piper joined them in holding a meeting of directors and stockholders, were the only persons who had any knowledge of the incorporation of defendant. With reference to the employment, Downey testified that he met plaintiff in Ventura county, at which time plaintiff stated the terms upon which he would enter the defendant's employ. "I told him," he says, "I would submit the matter to the company. When I came back to Los Angeles I submitted the matter to Mr. McDonald, the president of the company, and he acquiesced in the employment of plaintiff." It thus appears there was evidence tending to show that the acts of Downey, as general manager, in employing plaintiff were had with the knowledge and consent of McDonald, the president of the company, who, with Downey (for the reason that it is not shown that McPherson ever consented to become a director or stockholder, or that he ever knew that he was named in the articles of incorporation as a director), constituted a majority of the board of directors. The fact that this testimony was contradicted by that of McDonald cannot detract from the value placed thereon by the trial court, when considered in support of the findings.

On November 30, 1907, Downey, in his official capacity as secretary and general manager of the corporation, signed and delivered to plaintiff a writing as follows:

"There is due G. L. Smith, for services performed for the Sinbad Development Company, in accordance with terms of hiring,

| | |
|---|---:|
| 3 mos, at $225 per mo. & expenses, | $675 |
| Expenses paid out by Smith, | 75 |

"Dated Nov. 30, 1907.

"(Signed)    F. G. DOWNEY,

"Sec. & General Manager of Sinbad Development Co."

In a former appeal prosecuted by plaintiff in this case (*Smith* v. *Sinbad Development Co.*, 11 Cal. App. 253, [104 Pac. 706]), upon a record not differing materially from the one now presented, it was held that the trial court erred in

excluding this document when offered in evidence. The decision in that case must be deemed conclusive against appellant's contention that the court erred in admitting this document in evidence, and also, with the cases hereinafter cited, authority upon which we base our conclusion that there is no merit in appellant's contention that the findings are not supported by the evidence. As was said in the opinion filed therein: "We think the evidence shows that Downey was authorized to act for the defendant, and, acting on its behalf, did employ plaintiff and promise and agree to pay him as alleged." (See, also, *Streeten* v. *Robinson,* 102 Cal. 545, [36 Pac. 946]; *Scott* v. *Oil Co.,* 144 Cal. 140, [77 Pac. 817]; *Crowley* v. *Genesee M. Co.,* 55 Cal. 273.)

For the reasons herein given, and upon the authority of *Smith* v. *Sinbad Development Co.,* 11 Cal. App. 253, [104 Pac. 946], the judgment and order appealed from are affirmed.

Allen, P. J., and James, J., concurred.