[S. F. No. 5632. In Bank.—August 5, 1911.]

## WILLIAM C. OSBORN, Appellant, v. WILLIAM F. HOPKINS, Respondent.

STATUTE OF LIMITATIONS—PLEADING.—In pleading the defense of the statute of limitations it is not necessary to set up the section and subdivision of the statute, if the facts showing the bar of the statute are alleged.

ID.—ACTION FOR SERVICES—AVERMENT OF FACTS SHOWING BAR OF STATUTE.—In an action to recover for personal services rendered in pursuance of a verbal contract, the defense of the statute of limitations is sufficiently pleaded by an averment that "plaintiff's cause of action for compensation for said services did not accrue within two years next before the commencement of this action."

ID.—SERVICES AS ATTORNEY—NEW TRIAL—SPECIFICATION OF INSUFFICIENCY OF EVIDENCE.—In an action to recover for services as an attorney-at-law, in which the jury found that certain of the services sued for, to which the defense of the statute of limitations was interposed, were not barred, a specification in the statement on motion for a new trial, of the particular in which the evidence was insufficient to sustain the verdict, that "The evidence shows that the statute of limitations has run as to the services alleged to have been ren-

dered by the attorney," is sufficient to enable the trial court to consider the matter of the insufficiency of the evidence on the question of the statute of limitations.

ID.—SUFFICIENCY OF SPECIFICATION.—Such a specification is sufficient, if it is of such a nature as to fully inform the trial court and the opposing party of the point to be made in regard to the insufficiency of the evidence.

ID.—ATTORNEY-AT-LAW—RETAINER IN ALL LITIGATION OF SPECIFIED CHARACTER—ENTIRE CONTRACT.—The mere employment or retainer of an attorney to represent his employer in all possible litigation of a specified character, to be attended to separately as they arise, which is indefinite both as to the number of suits or proceedings that may be included, and the period of time within which they may be instituted, where the attorney is to be paid simply the reasonable value of such services as he is actually called upon to perform in such litigation as may be instituted, does not create an entire contract with respect to all the services rendered by the attorney, against which the statute of limitations does not commence to run until the termination of all the various services.

ID.—SERVICES IN PARTICULAR LITIGATION—STATUTE RUNS FROM PERFORMANCE.—Under such a retainer, the statute of limitations is set in motion, as to the services rendered in each particular matter of litigation, upon the full performance of the services in such matter.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, for Appellant.

C. H. Wilson, for Respondent.

ANGELLOTTI, J.—Plaintiff brought this action to recover the sum of fifteen hundred dollars as the reasonable value of legal services rendered by plaintiff's assignor to defendant. The services rendered by plaintiff's assignor were rendered by him: 1. In representing the defendant, as his attorney, in an action for divorce brought against him by his wife in the latter part of the year 1901 or the early part of the year 1902, which action was finally terminated in the early part of the year 1902 by a dismissal by plaintiff of her action; 2. In representing the superior court of San Francisco, on behalf of defendant, in a proceeding instituted

in this court by defendant's wife to prohibit said superior court from proceeding with the trial of said divorce action after her dismissal thereof, which proceeding in prohibition was terminated by judgment of this court on June 13, 1902; and 3. In representing defendant, as his attorney, in an action brought against him by his wife for maintenance and support, commenced shortly after the termination of the prohibition proceedings, and pending undetermined at the date of the commencement of this action, which was December 31, 1906. The action for maintenance was terminated by the death of defendant's wife on February 18, 1907, plaintiff's assignor continuing to represent defendant therein until that date. On November 17, 1906, plaintiff's assignor sent to defendant a bill for his services already rendered, specifying one thousand dollars as the amount due for services in the divorce action and the prohibition proceedings and five hundred dollars for his services in the maintenance action, and subsequently commenced this action therefor. Defendant among other defenses, interposed the plea of the statute of limitations as to all services rendered by plaintiff's assignor in the divorce action and the prohibition proceeding. The jury gave a verdict in plaintiff's favor for $1,125. Defendant made a motion for a new trial, which was ordered granted unless plaintiff remitted $625 of said verdict and the judgment entered thereon. Plaintiff refused to consent to such reduction, and the court thereupon made its order granting a new trial "upon the sole and only ground that as to the said six hundred and twenty-five ($625.00) dollars, the cause of action set up in the complaint is barred by the statute of limitations." This is an appeal by plaintiff from such order.

In view of the specification in the order as to the sole ground upon which the motion was granted, it must be assumed here, in accord with the allegations of the amended complaint, that defendant, prior to the commencement of the divorce action and in anticipation of litigation with his wife, "retained and employed" plaintiff's assignor, "as his attorney to represent him in any and all litigation which his said wife might institute and prosecute against him, arising out of their relationship of husband and wife, for the enforcement of their marital rights, duties, and obligations, including any action or actions she might bring for divorce or for separate support and main-

tenance for herself and a minor child or for the custody of said child." The jury found, in response to special interrogatories submitted, that such a contract of retainer and employment was then entered into, that defendant then anticipated that there would be more than one suit brought against him by his wife and intended to contract with reference to more than one suit, and that such contract of employment extended to and covered service other than such service as might be rendered in the divorce suit. The contract was not in writing, and there was no understanding between the parties as to the amount of compensation, or as to the time or times when the right to compensation should accrue.

There is no basis for the claim that the defense of the statute of limitations was not sufficiently set up in the answer. It was not necessary to plead the section and subdivision of the statute, if the facts showing the bar of the statute were alleged. It was alleged in the answer that as to all services rendered in the action for divorce and in the prohibition proceeding, the statute of limitations had run against any claim for compensation, that all such services were rendered prior to the thirteenth day of June, 1902, and "that plaintiff's cause of action for compensation for said services did not accrue within two years next before the commencement of this action." This is a sufficient pleading of the facts showing the defense. (*Adams* v. *Patterson,* 35 Cal. 124; *Caulfield* v. *Sanders,* 17 Cal. 571; *Boyd* v. *Blankman,* 29 Cal. 45, [87 Am. Dec. 146]; *Hartson* v. *Hardin,* 40 Cal. 264.)

It is claimed that there is no sufficient specification of insufficiency of evidence in the statement on motion for new trial to have enabled the trial court to consider the matter of the sufficiency of the evidence on the question of the statute of limitations, in determining the motion for a new trial. The specification on that subject was contained under the heading: "Specification of particulars in which the evidence is insufficient to justify the verdict," and was as follows: "The evidence shows that the statute of limitations has run as to the services alleged to have been rendered by the attorney Linforth for the defendant in the matter of the case of Hopkins *v.* Hopkins, originally commenced in Alameda County, including the services in the supreme court on the writ of prohibition growing out of said suit." We have no doubt that

this specification should be held to be sufficient. It certainly fulfilled the purpose of the statute requiring specifications of insufficiency of evidence, viz.: "the bringing directly before the mind of the court the particular point the aggrieved party desires to be reviewed, and also to give notice to the adverse party of the point of attack, and thereby enabling him to produce any additional evidence found in the record which may tend to support the finding of fact assailed by the specification." (*Brenot* v. *Brenot,* 102 Cal. 297, [36 Pac. 692].) The plain effect of the language of this specification was that the conclusion of the jury upon the issue of the statute of limitations was not sustained by the evidence—that the evidence was not sufficient to support such conclusion, and such language could not be understood by any reasonable person as meaning anything else. The mere form is of no consequence if such was the plain meaning. To hold otherwise would be to sacrifice substance to form in a case where any particular form is not made essential by written law. It is true that such a specification has been held insufficient (see *Demolera* v. *Martin,* 120 Cal. 548, [52 Pac. 825], and cases there cited), but this ruling has been repudiated by the later decisions of this court. (See *Stuart* v. *Lord,* 138 Cal. 675, [72 Pac. 142] ; *Drathman* v. *Cohen,* 139 Cal. 311, [73 Pac. 181].) As was said in *Bell* v. *Staacke,* 141 Cal. 194, [74 Pac. 776], the strict rule of some of the earlier decisions of this court in regard to specification of insufficiency of evidence has, by the later decisions, been much relaxed "in harmony with the more liberal view which will afford a hearing" on the merits "where reasonable and ordinarily careful precautions have been taken to present specifications, rather than to defeat the right to be heard upon purely technical grounds. If a specification is of such a nature as to fully inform the trial court and the opposing party of the point to be made in regard to insufficiency of evidence, there can no longer be any doubt as to its sufficiency.

This brings us to the main question presented on this appeal, that of the correctness of the ruling of the trial court in regard to the statute of limitations.

Plaintiff's position is substantially that all of the services rendered were rendered under an entire contract, full performance of which was essential to any recovery, that this

contract was not terminated until a time less than two years before the commencement of this action, and that the right of the plaintiff to recover reasonable compensation for any of these services is not barred by the statute of limitations until the expiration of two years from such termination.

Logically, this view would appear to subject plaintiff's complaint to the objection that it does not state a cause of action, for it is distinctly alleged therein, in accord with the facts shown by the evidence, that the action for maintenance and support "still is pending and undetermined," and that the defendant therein "was and is represented in said action" by plaintiff's assignor. If the statute of limitations did not begin to run as to the compensation for any of the services rendered under the employment until the plaintiff's assignor had fully performed all services contemplated thereunder, it must also be true that no right of action on account of any such services accrued until such full performance was had, for it is elementary law that the statute of limitations begins to run upon the accrual of the right of action, that is, when a suit may be maintained, and not until that time. If plaintiff's view be correct, it would therefore seem to follow that the complaint showed on its face that a right of action had not accrued at the date of the commencement of the action; in other words, that the action was prematurely brought.

We do not think that plaintiff's view of the nature of the contract of employment can be held to be correct. Of course, such a contract as plaintiff claims this to be could have been made by the parties, but we are satisfied that the contract alleged and found cannot reasonably be held to indicate an intention to make any such contract. In the absence of provision clearly indicating such an intention, no such effect can reasonably be given to a mere employment or retainer of a lawyer to represent the employer in all possible future litigation of a certain character, indefinite both as to the number of suits or proceedings that may be included, and the period of time within which such suits or proceedings may be instituted, where the attorney is to be paid simply the reasonable value of such services as he is actually called upon to perform in such litigation as may be instituted. And such was the employment or retainer in the case at bar, taking it in the aspect most favorable to plaintiff. The employment of

plaintiff's assignor differed from a general retainer of an attorney to attend to all litigation in which the employer may become involved in the future, or even from a general retainer to attend to all the employer's legal business, only in the fact that it was limited by its terms to possible litigation of a specified character, a difference that we regard as altogether immaterial. It is clear that, under a general retainer contemplating services in possible distinct matters to be attended to separately, in the absence of any provision at all as to time or amount of payment, the attorney's right of action must accrue upon the performance and completion of the service as to each matter. (See 19 Am. & Eng. Ency. of Law, p. 209.) When in the course of such general employment the prosecution or defense of a suit is undertaken by the attorney, such suit undoubtedly constitutes a single, distinct matter, and the attorney's right of action for services therein accrues with the completion of his services therein,—viz.: at the termination of the suit, or other sooner termination of his employment therein. But his right of action is certainly complete at the termination of the suit, even though the general contract of retainer is not terminated. (See 25 Cyc., 1081.) It can make no difference, so far as the rule we have been discussing is concerned, that the retainer or employment is limited to possible litigation of a specified character. We still have a retainer relating to several possible distinct matters, to be attended to separately as they may arise, with absolutely nothing to indicate that it was contemplated by the parties that the right to compensation for such services as might actually be rendered in one of such matters should be dependent upon the full performance of such services as might be necessary in the other matters, or that the attorney should not be entitled to enforce his claim for compensation in any one of such matters upon the completion of his services therein. So far as the retainer covers that particular matter, it is ended when such matter is concluded. We are satisfied that, as was said by the district court of appeal in deciding this case, "when an attorney is retained generally to represent his client in such uncertain and unascertained suits as may be brought against the client by a designated person as in this case, the statute is set in motion, as to the services rendered in each suit, upon the full performance of the services in such suit."

As we read them, none of the authorities cited by learned counsel for appellant is clearly in conflict with our views. The only cases so cited as to which there can be any doubt in this respect are *Meyer* v. *McCumber*, 75 Ill. App. 119, and *Davis* v. *Smith*, 48 Vt. 52. We think that the district court of appeal was correct in its conclusion that the first of these cases is distinguishable from the case at bar in that the contract there was one *for the collection of a certain designated claim*, which might well be considered a single matter, and all of the services of the attorneys were necessarily performed in accomplishing that purpose, viz.: the collection of such claim. As said by the district court of appeal, it is not clear from the opinion in *Davis* v. *Smith*, 48 Vt. 52, that the court held that where there was a single retainer of an attorney in two suits, the mere fact that one of such suits was still pending would prevent the running of the statute of limitations as to services rendered in the other, which had been terminated.

The order granting a new trial is affirmed.

Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.