[Civ. No. 11718.  Second Appellate District, Division One.—April 18, 1939.]

B. W. McMANUS, Appellant, v. ROBERT M. ALLAN et al., Respondents.

276

Irvin C. Louis and H. B. Pool for Appellant.

Hanna & Morton and Robert M. Allan, Jr., for Respondents.

YORK, P. J.—This appeal presented upon a bill of exceptions is from a judgment in favor of respondents following a verdict of the jury, in an action to recover for legal services rendered to respondents by appellant's assignors, Irvin C. Louis and H. B. Pool, hereinafter referred to as "attorneys".

The first amended complaint contained two counts, one for the reasonable value of the services rendered as itemized in a statement attached thereto and marked exhibit "A"; the other upon an open book account, as to which latter count the court granted a motion of nonsuit.

The answer denied either a promise or an agreement to pay, or that any amount had been paid as the reasonable value for any services rendered, and alleged that the litigation was undertaken upon a contingent fee basis; and that, except for the last three items appearing in the itemized

statement of account, appellant's first cause of action was barred by subdivision 1, section 339, Code of Civil Procedure.

The contract of employment was entered into in December, 1931, and actual work commenced thereunder during the month of January, 1932. The relationship of attorney and client was terminated on July 15, 1935, and this action was commenced November 17, 1936. The account sued upon was made up of several items, and during the trial it was stipulated as to four of said items "that the Statute of Limitations barred plaintiff from recovering judgment on account of further fees for services rendered in the arbitration matter, the hearings on the third party claims on behalf of Lois M. Allan and Helen M. Allan, and the action on the third party claim bond which action was entitled '*Allan* v. *Fidelity & Deposit Co. of Maryland*'."

From the bill of exceptions it appears that during the early part of November, 1931, Robert M. Allan, one of the respondents herein, employed attorney Louis to act as an arbitrator in an effort to settle a dispute between said respondent and one Francis Stearns. When that matter was concluded, respondent Allan asked Mr. Louis to act as his attorney in the collection of some promissory notes which were owned and held by his wife, respondent Helen M. Allan. At the same time Mr. Allan asked attorney Louis to handle a salary claim for him and to handle such other matters as might arise out of these cases. Mr. Allan claims that at the time he asked Mr. Louis to act as his attorney, he stated that the work would have to be undertaken upon a contingency basis and that Mr. Louis agreed to that arrangement. However, Mr. Louis denies that such arrangement was made, and testified at the trial that he told Mr. Allan that when the services were completed, he would make a charge for same that would be satisfactory. Before commencing the work to collect the promissory notes hereinbefore referred to, Mr. Louis introduced to Mr. Allan his associate, attorney Pool, one of appellant's assignors herein, who handled all details with reference to the services which were thereafter rendered. During the early part of December, 1931, Mr. Allan handed to Mr. Louis a written memorandum, offered in evidence as plaintiff's exhibit "A", which set forth under Mr. Allan's signature his instructions regarding certain matters which were later handled by said attorneys. Mr. Allan

testified that he wrote this memorandum at the request of Mr. Louis, explaining his wishes with regard to possible causes of action which might arise. On the 16th day of January, 1932, the complaint in the first cause of action was filed. Thereafter and until July 15, 1935, said attorneys continued to act for respondents, and during that period handled all legal work in connection with seven actions, as well as proceedings resulting from the filing of two third-party claims. The relationship of attorney and client, as hereinbefore stated, was terminated on July 15, 1935, when a substitution of attorneys was filed in the actions then pending. During the trial of the instant action, in support of their claim that a contingent fee was agreed upon, respondents introduced in evidence copies of letters dated February 27, 1934, and November 5, 1936, from respondent Robert M. Allan to attorney Louis, in which the contingency fee arrangement was discussed.

Respondents offered no evidence as to the reasonable value of the services rendered by the attorneys; therefore, appellant's evidence in that regard as well as that respecting the nature of such services stands uncontradicted.

■ Upon this appeal it is contended that the court committed prejudicial error in giving to the jury the following instruction on the question of the statute of limitations:

"You are instructed that by the law of this State, suit on a contract not in writing, express or implied, for the payment of wages for services rendered must be commenced within two years next after the cause of action accrued to the plaintiff or plaintiff's assignors, and if you believe from the evidence in this case that the plaintiff rendered services for the defendants more than two years before the beginning of this suit on the 17th day of November, 1936, and that there was no agreement in writing whereby the defendants agreed to pay for such services, the plaintiff cannot recover on his first cause of action for services rendered more than two years before the beginning of the suit."

Appellant in his opening brief urges that this is not a true statement of the law for the reason that in actions for the recovery of attorneys' fees, the statute of limitations does not commence when the services are rendered, but when the services contracted for have been completed, regardless of the length of time it might take to complete the work. In

this regard, he argues that practically all of the services here in question were rendered more than two years prior to the commencement of the instant action, but that with the exception of the four minor items, which it was stipulated were barred by the statute of limitations, none of the services contracted for was completed on November 17, 1934, nor even as late as April, 1935, and that the attorneys were still the attorneys of record in the pending cases as late as July 15, 1935.

Respondents urge that any error committed by the trial court in its instructions to the jury with regard to the statute of limitations was cured by the verdict in their favor, and claim that where the verdict of the jury exempts a party from liability, the giving of an erroneous instruction limiting his liability is harmless.

Appellant answering this argument in his reply brief admits the correctness of this rule of law, but argues that it is not applicable in the instant case for the reason that the instruction complained of did not limit respondents' liability, but was a general instruction which, if followed, would completely bar a recovery even though the jury desired to find for the appellant on every other issue presented. In this connection, appellant further contends that, excluding the last three items of the account as to which the testimony was uncontradicted, the parties hereto thereby agreeing that those items had been paid and settled, every other item in the account came within the purview of the two-year statute of limitations, and, therefore, when the court gave the instruction objected to, it amounted to a directed verdict which the jury was bound to heed regardless of whether or not it believed the services were rendered on a contingency basis, thereby directly affecting every issue presented to the jury.

Eliminating from the account sued upon the four items which it was stipulated were barred by the statute of limitations, and also eliminating therefrom the last three items which it is conceded were not barred by the statute, there remain the following items:

(1) *Security-First National Bank* v. *Bestway Laundry,* services rendered from 2/23/32 to 3/23/33 .......................................$  68.75
(2) *Allan* v. *Southwest Finance Co.,* services rendered from 1/6/33 to 1/25/34............... 500.00

(3) *Meeker* v. *Southwest Finance Co.*, services rendered from 2/11/32 to 12/26/33 ............2,000.00
(4) *Allan* v. *Allan MacMaster Co.*, services rendered from 11/25/31 to 6/15/33 .................2,000.00
(5) *Southwest Finance Co.* v. *George*, services rendered from 10/26/31 to 1/30/34 ..............1,000.00
(6) *Allan* v. *Southwest Finance Co.*, services rendered from 12/27/32 to 1/18/34 .............1,750.00

With respect to items Nos. 2 and 3, attorney Pool testified that he collected the judgments in these two cases on April 11, 1935; as to item No. 4, the judgment had not been collected on July 15, 1935; and as to items Nos. 5 and 6, the actions were still pending and either had not been brought to trial or were ready for trial at the time new attorneys were substituted on July 15, 1935. Respondent Allan testified with reference to item No. 4, that the judgment therein had not been collected at the time new counsel were substituted in July, 1935, and as to item No. 6, that action was still pending at that date. As to item No. 5, Mr. Allan testified that a new trial had been granted therein and the case had not been retried.

It is impossible to ascertain from the record, and this court is not permitted to speculate as to what theory or what instruction the jury relied upon in returning its verdict for respondents. An issue of fact for the determination of the jury was presented both by the pleadings and by the evidence as to how the attorneys should be paid for their services, whether for the reasonable value thereof or upon a contingency basis. The action is one for the reasonable value of services many of which appellant admits were never completed, for the reason, as indicated by a letter written by Mr. Pool to Mr. Allan under date of December 26, 1934, which was introduced in evidence by respondents as their exhibit "I", that said attorneys did not feel justified in continuing to represent the respondents "without the payment of a substantial fee on account, together with a settlement as to the total amount due. The entire summer has gone by and nothing has been done to accomplish anything in the matter of the payment of any amount on account of our fee. Unless some action is taken before the first of the year, we shall be forced to withdraw as attorneys for you in all pending litigation." It is shown by the record

that during the month of July, 1935, new counsel were substituted for the attorneys Louis and Pool, and in the correspondence regarding payment which followed, respondent Allan stated in one of his letters to said attorneys: "I, of course, cannot help but feel that we would have had a better chance of success if you had continued, since your office was so familiar with all of the facts."

While it appears to be the general rule of law that where a contract for services, either express or implied, is for an indefinite period and no time of payment is specified, or where the services are rendered under a general retainer, the statute of limitations does not begin to run against a cause of action for payment until the services end (*Osborn* v. *Hopkins,* 160 Cal. 501, 507 [117 Pac. 519, Ann. Cas. 1913A, 413], see, also, *Cullinan* v. *McColgan,* 87 Cal. App. 684 [263 Pac. 353]), the record indicates that the attorneys in the instant case voluntarily terminated the relationship of attorney and client before the pending litigation was completed, and thereafter brought this action for "services rendered". It should be noted that while the account sued upon totaled the sum of $8,108.55, the attorneys had been paid from time to time during the period from December, 1931, to July, 1935, the sum of $3,036.45.

The bill of exceptions contains sufficient evidence to sustain the verdict which was rendered by the jury, and there is nothing in the record which tends to show that such verdict was based on the issue of the statute of limitations. Therefore, it must be assumed that the jury was convinced that the attorneys were to be paid for their services on a contingency basis, or that they were fully compensated for the services rendered.

At any rate, as a matter of law it cannot be maintained that a miscarriage of justice resulted which would warrant a reversal of the judgment, because the court in its instruction to the jury used the words "services rendered" instead of "services completed."

For the foregoing reasons, the judgment is affirmed. The appeal from the order denying motion for new trial is dismissed.

Doran, J., and White, J., concurred.