# RICHARD THOMAS *v.* B. B. VANLIEU AND ANDREW SNODGRASS.

PURCHASER OF LAND WITHOUT NOTICE OF PRIOR UNRECORDED MORTGAGE.—A judgment creditor who buys at Sheriff's sale the land of the judgment debtor, and receives a Sheriff's deed without knowledge of a prior unrecorded mortgage given by the judgment debtor on the land, must show that his Sheriff's deed was first recorded, before he can claim to be a purchaser in good faith and for a valuable consideration.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

This was an action to foreclose a mortgage executed by defendant Snodgrass to plaintiff. After the mortgage had been given, defendant Vanlieu obtained judgment against Snodgrass, and sold the mortgaged property, and received a Sheriff's deed. Plaintiff's mortgage had not been properly recorded, and Vanlieu had no actual notice of it prior to his purchase. Plaintiff claimed that Vanlieu's purchase was subject to the lien of his mortgage. Plaintiff recovered judgment, and defendant Vanlieu appealed.

The other facts are stated in the opinion of the Court.

*Tuttle & Fellows,* for Appellant.

*Jo. Hamilton,* for Respondent.

By the Court, SANDERSON, C. J.

Upon the facts as found by the Court below we are unable to determine whether the defendant Vanlieu was or was not a purchaser in good faith and for a valuable consideration, within the meaning of the twenty-sixth section of the Act concerning conveyances, for it does not appear that his deed had ever been recorded. In order to bring himself within the provisions of that section, a party must show not only that he is a purchaser in good faith and for a valuable consideration, but he must show that his conveyance was first duly recorded. This latter fact the Court below failed to find either way. No exception was taken to the finding on the score of insufficiency, and we cannot therefore reverse the judgment on that ground. (Statutes of 1861, p. 589.) On the contrary, we must assume the facts not found would, if found, support the judgment; or, in other words, we must assume that Vanlieu had never put his conveyance upon record, because the judgment of the Court points that way.

It follows that the question as to whether the plaintiff's mortgage had been recorded in such a manner as to impart to subsequent purchasers constructive notice, and the further

78

question as to whether a judgment creditor purchasing at his own sale without parting with any further or new consideration, is a purchaser in good faith and for a valuable consideration within the meaning of the Act concerning conveyances, become abstract questions, upon which it is not necessary to express an opinion in order to finally determine this case.

Judgment affirmed.