[Sac. No. 2736. Department One.—December 10, 1918.]

## THOMAS McDONOUGH, Appellant, v. IDA B. COOPER, Respondent.

IRRIGATION ACT—TAX DEED—REGULARITY OF PROCEEDINGS—CONCLUSIVE EVIDENCE.—The provision of section 48 of the Irrigation Act (Stats. 1897, p. 271), making the collector's deed conclusive evidence of the regularity of all the proceedings from the assessment to the deed, means all the proceedings other than those as to which the deed by the preceding provision of such section is made *prima facie* evidence.

ID.—VALIDITY OF ASSESSMENT—DEED NOT CONCLUSIVE.—Under section 48 of the Irrigation Act, the collector's deed is not conclusive of the regularity and validity of the assessment itself.

ID.—SPECIAL ASSESSMENT—MANNER OF ENTRY ON ROLL.—The sections of the Irrigation Act dealing with special assessments merely require that such an assessment shall be computed and entered on the assessment-roll by the secretary of the board of directors, and collected at the same time and in the same manner as other assessments, but does not require that it shall be separately entered.

ID.—CERTIFICATE OF SALE — DATE — SILENCE AS TO TIME FOR DEED—VALIDITY.—A certificate of sale issued by the collector is not irregular because not dated on the day of the sale and omitting to state when the purchaser will be entitled to a deed.

ID.—REGULARITY OF CERTIFICATE — DEED CONCLUSIVE.—The collector's deed is conclusive as to the regularity of the certificate of sale under section 48 of the Irrigation Act.

APPEAL from a judgment of the Superior Court of Stanislaus County. W. H. Langdon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Griffin & Carlson and Geo. Cosgrave, for Appellant.

W. H. Hatton and Hatton & Scott, for Respondent.

SLOSS, J.—Action to quiet title to two parcels of land in the city of Modesto. The court gave judgment declaring defendant, Ida B. Cooper, to be the owner of the property. The plaintiff appeals from the judgment.

The plaintiff deraigned title from the United States. The defendant, Cooper, claimed under a deed following a sale for nonpayment of an assessment levied by the Modesto Irrigation District for the year 1905.

Section 48 of the act under which the sale was had makes the collector's deed, duly acknowledged and proved, *prima facie* evidence that the proceedings were regular in seven specified particulars, and then declares that such deed is conclusive evidence of "the regularity of all the proceedings from the assessment by the assessor, inclusive, up to the execution of the deed." (Stats. 1897, p. 271.) This conclusive evidence clause differs from section 3787 of the Political Code in that it does not qualify the word "proceedings" by the word "other." Nevertheless, we do not doubt that, as was intimated in *Escondido H. S. Dist.* v. *Escondido Seminary,* 130 Cal. 128, 133, [62 Pac. 401], and held in *Bruschi* v. *Cooper,* 30 Cal. App. 682, 692, [159 Pac. 728, 734], the legislative intent was that the deed should be conclusive with respect, only, to matters not covered by the preceding provision declaring its effect as *prima facie* evidence.

The appellant attacks the regularity and validity of the assessment itself. Under section 48 the deed is *prima facie* evidence that "the property was assessed as required by law." The legislature did not, therefore (assuming that it might have done so without violation of constitutional rights), undertake to make the deed conclusive of the lawful assessment of the property.

It appears that in 1905 a special assessment of forty-three thousand dollars was authorized by election. The board of directors found it necessary to raise an additional sum of $65,525.55 for interest on bonds. They made a levy of one dollar on each one hundred dollars of property valuation to meet the special assessment, and of $1.55 per one hundred dollars for paying the interest. The assessment-roll was made up to show, under the head of "total amount of all taxes," the amount of tax figured at the rate of $2.55 per one hundred dollars of valuation. The amounts levied on account

CLXXIX Cal.—25

of the special assessment and the assessment for interest were not separately computed and carried out. Section 39 of the act (Stats. 1897, p. 267) prescribes the method of levying the assessment for the payment of annual interest on outstanding bonds. It then provides that "the secretary of the board must compute and enter in a separate column of the assessment-book the respective sums, in dollars and cents, to be paid as an assessment on the property therein enumerated." Sections 59 and 60 (Stats. 1897, p. 274) deal with special assessments. Section 60 declares how the rate of such assessment shall be ascertained, and provides that "the assessment so levied shall be computed and entered on the assessment-roll by the secretary of the board, and collected at the same time and in the same manner as other assessments provided for herein." The requirement of the act is merely that the special assessment shall be computed and entered on the assessment-roll by the secretary. It is to be "collected" in the same manner as other assessments, but the statute does not prescribe any particular manner in which it shall be entered on the roll. In the absence of any specific requirement that it shall be separately entered, we see no reason for holding such segregation essential.

The appellant claims, further, that the certificate of sale issued by the collector was irregular in two particulars. The alleged defects are that the certificate is not dated on the day of the sale, and that it does not specify when the purchaser will be entitled to a deed. The facts in these regards are the same as those considered in *Bruschi* v. *Cooper*, 30 Cal. App., at pages 693, 694, [159 Pac. 734]. The court there held that the certificate sufficiently met the substantial requirements of the statute, and with this conclusion we are in accord. Furthermore, it may be pointed out that any irregularity in the certificate is cured by the conclusive evidence clause, since the regularity of the certificate is not one of the matters as to which the deed is made *prima facie* evidence. The provision for a certificate might have been omitted from the statute altogether without impairing any constitutional right of the property owner. Any irregularity in the form of such certificate may, therefore, be remedied by a curative clause such as that contained in section 48. (*Chase* v. *Trout*, 146 Cal. 350, [80 Pac. 81]; *Baird* v. *Monroe*, 150 Cal. 560, 568, [89 Pac. 352]; *Bank of Lemoore* v.

*Fulgham,* 151 Cal. 234, [90 Pac. 936] ; *Imperial Land Co.* v. *Imperial Irr. Dist.,* 173 Cal. 660, 663, [161 Pac. 113].)

No other points are made.

The judgment is affirmed.

Victor E. Shaw, J., *pro tem.,* and Richards, J., *pro tem.,* concurred.