[Civ. No. 2593.    Second Appellate District, Division One.—February 19, 1919.]

JESSE FRANKLIN, Administrator, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

[1] WATERS AND WATERCOURSES—NATURAL WASH—OBSTRUCTING BY EMBANKMENTS AND DIKES—DIVERTING FLOW UPON LAND OF ANOTHER —ACTION FOR DAMAGES AND FOR INJUNCTION TO ABATE NUISANCE— JURY TRIAL.—In an action for damages and for an injunction to abate a nuisance consisting of the maintenance of embankments and dikes by means of which the waters of a natural wash are obstructed and diverted, and the flow precipitated upon plaintiff's land, the parties are entitled as of right to a trial by jury of the issue as to damages.

[2] ID.—GENERAL VERDICT—EFFECT OF.—Where such trial is had, the general verdict of the jury is binding upon the court, which has no power to vacate it except upon motion for new trial.

[3] ID.—STATUTE OF LIMITATIONS, HOW PLEADED.—In such action an allegation in the answer that the improvements, embankments, etc., described in plaintiff's complaint, which it is alleged caused a diversion of the flow of water, had been erected "for more than five years prior to the institution of the action," sufficiently pleaded the statute of limitations.

[4] ID.—OMISSION OF FINDING ON STATUTE OF LIMITATION.—In such case, in ruling on defendants' motion for a nonsuit, the court erred in holding that the statute of limitations had not been sufficiently pleaded, and consequently erred in making no finding upon the issue tendered upon that statute.

[5] ID.—STATUTORY MODE OF PLEADING NOT EXCLUSIVE.—While section 458 of the Code of Civil Procedure provides that the statute of limitations may be pleaded as a bar to any action, by giving the number of the section and subdivision thereof relied on, such mode of pleading is not exclusive.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Reversed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellants.

B. J. Bradner for Respondent.

SHAW, J.—In this action plaintiff sought to recover for damages alleged to have been sustained by the wrongful acts of defendants in constructing and maintaining certain embankments and dikes on their right of way, as a result of which and lack of sufficient culverts therein, the waters of a natural wash were obstructed and diverted from their usual course and the flow thereof precipitated upon his land; and also sought a decree enjoining defendants from maintaining such obstruction, which, if continued, it was alleged would cause him irreparable damage.

In accordance with demand therefor, a jury was impaneled, to which the issue as to damages was, upon evidence adduced and instructions given by the court, submitted, as a result of which it rendered a verdict in favor of defendants. Thereafter, notwithstanding such verdict and in disregard thereof, the court made findings upon all the issues and upon which it awarded plaintiff two thousand five hundred dollars damages sustained, and made a decree perpetually enjoining defendants from maintaining the obstruction by means of which it was alleged defendants had wrongfully diverted the flow of water upon plaintiff's land.

From the judgment and decree so rendered, defendants have appealed.

[1] Defendants' first contention is that the parties were entitled as of right to a trial by jury of the issue at least as to the damages alleged to have been sustained, and that its verdict was binding upon the court which, in the absence of

proceedings for a new trial, had no power to vacate and set aside the same.

This identical question was before this court in the case of *Farrell* v. *City of Ontario,* 39 Cal. App. 351, [173 Pac. 740], wherein the Honorable Louis M. Myers, as justice *pro tem.* (who presided as trial judge in the instant case), in an exhaustive opinion reviews a number of divergent authorities of this state touching the question, as a result of which it was held that in an action for damages and for an injunction for the abatement of a nuisance, the parties are entitled to a jury trial upon the issue as to damages   [2]   and where such trial is had, the general verdict thereon is binding upon the court, which has no power to vacate it except upon motion for new trial.   We refer, without further discussion, to that opinion and the authorities referred to therein as determinative of the question.

[3]   In their answer, "for a second, further, separate, and distinct defense," defendants alleged "that all of said improvements, in so far as the general right of way of the said defendants, including the improvements of ditches described in plaintiff's complaint, is concerned, were erected more than five years prior to the institution of this action, and the cause of action attempted to be set up by plaintiff, if any, is now barred by the statute of limitations of this state, said statute of limitations being hereby pleaded as a bar to this action."

[4]   As to this defense the court, in ruling upon defendants' motion for nonsuit, stated that the statute of limitations as a defense had not been sufficiently pleaded to put it in issue, and hence made no finding thereon.   In this ruling and omitting to make a finding as to the issue tendered, the court erred.   [5]   While section 458 of the Code of Civil Procedure provides that the statute of limitations as a bar to an action may be pleaded by giving the number of the section and subdivision thereof relied upon, nevertheless such mode of pleading is not exclusive.   As said in *Manning* v. *Dallas,* 73 Cal. 420, [15 Pac. 34] : "There are only two ways of pleading the statute, one by stating the facts showing the defense and the other by stating 'generally that the cause of action is barred by the provisions of section (giving the number of the section, and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure.' "   In the pleading

under review the defendants stated the facts, namely, that the improvements, embankments, dikes, and ditches described in plaintiff's complaint, and which it is alleged caused a diversion of the flow of water, had been, erected for *more than five years prior to the institution of the action.* In our opinion, the allegation was a sufficient pleading of the facts to raise the issue as to whether or not the cause of action was barred by the statute of limitations.

We do not feel called upon to determine the correctness of the court's statement that the statute would not commence to run until plaintiff had suffered damage from the obstruction, but having concluded the statute of limitations as a bar to the action was sufficiently pleaded, it clearly tendered an issue upon which defendants were entitled to a finding, and this was not made by the trial court.

The judgment appealed from is reversed and the cause remanded to the trial court, with direction to enter judgment in accordance with the general verdict of the jury upon the issue as to damages; and that as to the equitable issue involving plaintiff's right to the injunction prayed for in his complaint, a new trial thereof be had upon such evidence as may be properly received thereon.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1919.

All the Justices concurred.