[Civ. No. 5181.  First Appellate District, Division Two.—September 2, 1925.]

## CHESTER A. BELL, Respondent, v. J. W. BRIGANCE, Appellant.

[1] TAX DEEDS—EXECUTION TO ASSIGNEE—REGULARITY OF ASSIGNMENT —CONCLUSIVE EVIDENCE.—A deed executed by a tax collector to the assignee of the purchaser at the tax sale is, by reason of the provisions of section 3787 of the Political Code, conclusive evidence of the regularity of the tax collector's proceedings in ascertaining whether there had been an assignment.

[2] ID.—TIME FOR COMMENCING SALE—CONTINUANCE—CONSTRUCTION OF CODE SECTIONS.—The provisions of section 3767 of the Political

1.  See 24 Cal. Jur. 381.
2.  See 24 Cal. Jur. 328.

Code, with reference to the time within which the tax sale must be held after the first publication of the notice of sale, must be read in connection with section 3764 of said code, and if the sale is commenced within the time specified after the date of the first publication of the notice, the sale may be continued from day to day if additional time is required.

[3] ID.—QUIETING TITLE—EVIDENCE.—In this action by the grantee named in a tax deed to quiet title to the real property therein described, there was no merit in the contention on appeal that there was no evidence of a deed to the state or any evidence that the state was entitled to a deed, where appellant did not call the court's attention to what was lacking, and the record showed that respondent introduced in evidence a certificate of redemption showing a redemption of the property involved, paying all back taxes and penalties down to the date of the deed, a deed from the tax collector to respondent, and a tax receipt issued to respondent covering taxes for the first installment of the ensuing year.

[4] ID.—TAX DEED AS PRIMARY EVIDENCE—NOTICE.—In such action, the introduction by plaintiff of a tax deed, in the form prescribed by section 3785b of the Political Code, duly acknowledged, was primary evidence that at a proper time and place the property was sold as prescribed by law and by the proper officer and that a copy of the delinquent notice as published was mailed, as required by section 3771a of the Political Code; and, defendant having introduced no evidence to the effect that the notice was not mailed, the trial court properly held that there was some evidence that the provisions of the statute concerning mailing of the notice had been complied with.

[5] ID.—SPELLING OF NAME—EVIDENCE.—On appeal from the judgment in favor of the plaintiff in such action, where a photographic copy of the assessment-roll is contained in the transcript, and the appellate court is unable to say that the taxpayer's · name was spelled thereon with an "o" or an "a," the appellate court cannot say there is no evidence to support the implied finding of the trial court that the name was correctly spelled with an "a" on the assessment-roll, the same as in plaintiff's deed.

[6] ID.—USE OF ABBREVIATION "$."—The use of the abbreviation "$," for the word dollars, is authorized by section 3884 of the Political Code.

[7] ID.—NEW TRIAL—DUTY OF MOVING PARTY.—Where, after a case has been tried and decided· by an outside judge, the defendant makes a motion for a new trial and he desires an actual ruling

---

4.  See 24 **Cal.** Jur. 377.
6.  See 24 **Cal.** Jur. 181.

thereon, he should make it at such time and should take such steps as will cause the matter to be properly presented to a local judge, and thereafter request a ruling on the motion within the period provided by law; and it is not the duty of plaintiff to take any steps looking toward the presentation or the determination of defendant's motion.

[8] ID.—DELINQUENT LIST—DESIGNATION OF TAXES, PENALTIES AND COSTS—APPEAL—EVIDENCE.—The point that the delinquent list designated a sum which was the "amount due for taxes and costs," but did not designate "the amount of taxes, *penalties* and costs," not made in the trial court, or in appellant's opening or reply brief on appeal, but made for the first time on petition for a rehearing, will be held without merit where a copy of the delinquent assessment-roll contained in the transcript shows on its face that the amount for which the property was sold included *penalties* and costs, and the amount of each item is separately stated, and any ambiguity between such statement and the statement on the delinquent list that the figures "were intended to and do represent respectively in dollars or in cents, or in dollars and cents, the amount due for taxes and costs," will be disregarded. (On petition for rehearing.)

---

(1) 37 Cyc., p. 1457, n. 46.   (2) 37 Cyc., p. 1338, n. 90.   (3) 37 Cyc., p. 1524, n. 3.   (4) 37 Cyc., p. 1463, n. 72.   (5) 4 C. J., p. 880, n. 96.   (6) 3 C. J., p. 771, n. 39; 37 Cyc., p. 1059, n. 52.   (7) 29 Cyc., p. 923, n. 22 New, p. 1003, n. 11 New.   (8) 3 C. J., p. 696, n. 61; 37 Cyc., p. 1206, n. 3.

APPEAL from a judgment of the Superior Court of Los Angeles County.   C. P. Vicini, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

William Lewis and Guy Lewis for Appellant.

Emmet H. Wilson for Respondent.

STURTEVANT, J.—Action to quiet title.   From a judgment in favor of the plaintiff the defendant has appealed under section 953a of the Code of Civil Procedure.

The respondent has interposed a motion to affirm the judgment.   That motion is based on the ground that the appellant has not complied with the statutory provisions in making a record.   In the view we take of the case it will not be necessary to pass on the motion.

It will be remembered that prior to 1895 it had been the law of this state that property on which state and county taxes were delinquent might be sold by the tax collector at public auction to the highest bidder, and in default of any acceptable bids that then, and in that event, the property might be sold to the state of California. (F. P. Deering's Pol. Code 1886, secs. 3746–3817.) In 1895 many changes were made in the law and the general effect of those changes was to provide that all sales would be made to the state. (Stats. 1895 c. 218.) In 1913 the legislature again took up the consideration of the subject and made such additions and amendments as to it seemed necessary, to the end that thereafter under certain circumstances such properties might be sold by the tax collector at public auction to the highest bidder and leaving the statute to stand which under other circumstances would authorize a sale to the state. The respondent claims to have purchased the property in question pursuant to the amendments of 1913.

[1] When the plaintiff brought forward the deed made by the tax collector and offered the same in evidence the appellant objected on the ground that the deed was "incompetent, irrelevant and immaterial, and no proper foundation laid." The objection was overruled and the appellant presents the point at this time. The deed recites that it is made "between W. O. Welch, tax collector of the county of Los Angeles, State of California, first party, and Chester A. Bell, second party"; that the property was sold to Fred Stein and it also recites that the tax collector "does hereby grant to the said second party the assignee of said purchaser," etc. The appellant complains that the respondent had not previously introduced any evidence to the effect that Bell had become the assignee of Stein. The respondent contends that he was not bound to do so and he cites sections 3785b, 3786 and 3787 of the Political Code, as sustaining his position. Section 3785b authorizes the tax collector to execute such a deed "to such purchaser or his assigns." By direct reference sections 3786 and 3787 are made applicable to such a deed. Section 3786 provides that "such deed, duly acknowledged or proved, is primary evidence . . . " of eight different elements, enumerating them. Section 3787 provides: "such deed, duly acknowledged or proved, is (except as against actual fraud) con-

clusive evidence of the regularity of all other proceedings from the assessment by the assessor, inclusive, up to the execution of the deed.'' As the statute authorizes the tax collector to write the deed and to execute it to the purchaser or his assigns, it necessarily became one of his proceedings to ascertain and determine, if requested, whether Stein had conveyed to Bell, and if so to execute the deed to Bell. It therefore seems clear that the deed, by reason of the provisions of section 3787, became conclusive evidence of the regularity of the tax collectors' proceeding in ascertaining whether there had been an assignment.

[2] The appellant next contends that the tax collector executed the deed one day after his authority had expired. In this connection the appellant calls attention to the fact that the notice of sale was published first on June 8, 1921. He then calls attention to the provisions of section 3767 of the Political Code and asserts that the property should have been sold on a date not less than twenty-one nor more than twenty-eight days from June 8, 1921, whereas it was sold on the seventh day of July, 1921, that is the twenty-ninth day after the date of the first publication. If our statute had no other provisions on the subject except what is contained in section 3767, appellant's position might be sustained, but the statute contains other provisions. In making the changes that were made in 1913 the legislature provided the contents of the notice of sale. (Pol. Code, sec. 3764.) The statutory form so provided recites, ''In pursuance of law, public notice is hereby given that, commencing on the —— day of ——, 19—, at the hour of —— o'clock — M. of that day, and continuing from day to day thereafter, if additional time is required to complete the sale, in the office of the tax collector. . . . '' Reading all the provisions of the statute together it does not seem to be doubtful that the sale should commence within the time mentioned, not less than twenty-one days and not more than twenty-eight days after the date of the first publication of the notice, but that is within the contemplation of the statute that the sale may be continued from day to day if additional time is required.

[3] The appellant claims that there was no evidence of a deed to the state or any evidence that the state was entitled to a deed, and he makes the claim that under the

provisions of our statute the sale to Stein would be valid only in the event that a sale to the state would be valid if Stein or some other individual had not purchased at public auction. The appellant has not specifically called to our attention what was lacking. The respondent introduced in evidence (1) certificate of redemption showing a redemption by respondent of the property involved, paying all back taxes, and penalties down to July 20, 1921; (2) deed from tax collector to respondent dated July 21, 1921; and (3) tax receipt issued to respondent covering taxes for first installment for the year 1922.

In disposing of the last point we stated that the appellant did not point out any omission specifically. [4] We made the statement by reason of the next point which the appellant presents and that is that the respondent at the trial introduced no evidence showing or tending to show that there was mailed, addressed to Carrie Gollinger, the taxpayer, the notice provided for in section 3771a of the Political Code; unless the respondent's deed be considered evidence on the subject. The form of the deed is prescribed by section 3785b of the Political Code and there is no contention but what respondent's deed conformed in every respect thereto. That section expressly provides that the provisions of sections 3786 and 3787 of the same code are applicable to the deeds provided for in section 3785b. The fifth subdivision of section 3786 provides that such deed duly acknowledged is primary evidence that at a proper time and place the property was sold as prescribed by law and by the proper officer. It has been held that the *proper time* for a sale is the time stated in the notice of the delinquent sale. (*Tully* v. *Bauer,* 52 Cal. 487, 489.) But the notice of the delinquent sale, its form and the time and manner of its publication, are provided in sections 3764–3767 of the Political Code, and by section 3771a of the same code the tax collector is required to mail to the taxpayer at his last-known address, at least twenty-one days before the date of sale, a copy of the delinquent list or a notice in form as provided for in said section. When, as to notice, it was held that a tax deed was *prima facie* evidence of the due publication of a delinquent notice it seems clear that it would equally be *prima facie* evidence that a copy of the notice as published was mailed. As the

appellant introduced no evidence to the effect that the notice was not mailed, the trial court acted quite properly in holding that there was some evidence that the provisions of the statute concerning the mailing of the notice had been complied with.

In the fourth division of his brief the appellant complains that the name of the taxpayer as it appeared on the assessment-roll was ''Gollinger,'' and as it appears in the plaintiff's deed it is spelled ''Gallinger''; and certain columns in the assessment-roll are headed with the ''$'' mark and that such an abbreviation is not one authorized by law.

[5] What purports to be a photographic copy of the assessment-roll is contained in the transcript. The writing is very small, sometimes scratched and sometimes blurred by the photographic process, but as we read the writing we are unable to say that the taxpayer's name was spelled on the assessment-roll with an ''o'' instead of an ''a.'' The findings are in favor of the respondent. On the record before us we cannot say there is no evidence to support the implied finding that the name was correctly spelled.

[6] As to the abbreviation for the word ''dollars,'' we think the appellant has misconstrued section 3884 of the Political Code. That section should be construed as though the words which we have inserted in brackets were expressly contained in the section. The section has the same meaning as though it were written as follows: ''In the assessment of land, advertisement and sale thereof for taxes, initial letters, abbreviations (may be used) and the figures may be used to designate the township, range, section or part thereof, and such other abbreviations (may be used) as may be approved by the State Board of Equalization; provided, a written or printed explanation of such abbreviations (as have been approved by that board) shall appear on each page of the assessment-roll or book.''

The appellant complains because the trial court denied his motion for a nonsuit. The proceeding was as follows: ''Mr. Wilson: The plaintiff rests. Mr. Lewis: Now, the defendant moves for a nonsuit upon the ground of the entire failure of the plaintiff to maintain the issues upon his part and in his failure to show that he has any right, or interest whatever in the property involved in this action by the evidence already in. The Court: The motion will be

denied.'' At the time the above proceedings were had the plaintiff had introduced the evidence hereinabove enumerated. When he made the motion for a nonsuit he did not call to the attention of the court, and has not called to our attention, any specific elements of evidence which the plaintiff had omitted to introduce otherwise than those matters that have been considered by us in other portions of this decision.

[7] The case was tried before Judge Vicini, judge of the superior court of Amador County, acting as a judge of the superior court of Los Angeles County. After judgment had been ordered for the plaintiff the defendant served and filed a notice of intention to move for a new trial. He also served and filed the affidavit of Mr. Lewis in support of his intended motion. Later the defendant served notice that he would make his motion on the twentieth day of November, 1923. On the date last mentioned both counsel entered into a stipulation that the motion for a new trial might be submitted without argument upon the affidavit above mentioned. The record does not disclose the fact, but appellant's brief states that the motion was not passed upon and that it was denied by operation of law. Predicating his contention on that condition of the record, the appellant claims that it was prejudicial error that his motion was not actually heard and actually determined by the trial judge. It is clear that it was the appellant's motion and if he had desired an actual ruling on the motion he should have made it at such a time and should have taken such steps as would have caused the matter to be properly presented to a judge of the superior court of the state of California, in and for Los Angeles County, and thereafter to have requested a ruling on the motion within the period provided by law. It was not the duty of the respondent to take any step looking toward the presentation or the determination of the appellant's motion.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 1, 1925, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied. [8] In his petition the appellant contends that the delinquent list designated a sum which was the "amount due for taxes and costs," but did not designate "the amount of taxes, *penalties* and costs." (Pol. Code, sec. 3764, as amended by Stats. 1913, c. 299.) The point was not made in the trial court nor was it made in the opening brief, or reply brief, and is made for the first time in the petition for a rehearing. Nevertheless, we think the point is without merit. A copy of the delinquent assessment-roll pertinent to the property involved is in the transcript. On its face it shows that the amount for which the property was sold included penalties and costs and the amount of each item is separately stated. The delinquent list, as published, contained a recital explaining the meaning of figures. That explanation recites that the figures "were intended to and do represent respectively in dollars or in cents, or in dollars and cents, the amount due for taxes and costs," but that recital was not intended to state, and did not state, that the figures did not include penalties. The ambiguity, if any, was not sufficient to override the clear statement and enumeration on the face of the delinquent list. If the point had been made in the trial court the opposing party would certainly have had the right to show that the amount stated in the published notice complied in all respects with the call of the statute notwithstanding any ambiguity contained in the notice.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1925.