[L. A. No. 10345. In Bank.—June 18, 1930.]

C. P. GRAMSON, Appellant, v. JOHN GENIELLA et al.,
Respondents.

James W. Bell for Appellant.

Charles Lantz and Winslow P. Hyatt for Respondents.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against him in an action to quiet title to real property in the county of Los Angeles, state of California. The trial court found that the defendant F. O. Huber was the owner of said property in fee and that the plaintiff had no right, title nor interest therein, except an equity for repayment to him of the sum expended by him for the payment of taxes, penalties and costs in pursuit of the state's title to the said property. Said defendant paid the amount found by the court to be due to plaintiff.

The plaintiff claimed title under a purported tax deed to said property, but the court found said deed to be void "by reason of the fact, among other things, that notice of sale of said property was not given by the tax

collector prior to the said purported sale, as required by law.''

Appellant contends that if such a defect existed in the tax deed, due to a failure to comply with section 3764 of the Political Code, nevertheless, it was cured by the provisions of section 3787 of the Political Code.

The case of *Bussenius* v. *Warden,* 71 Cal. App. 717 [236 Pac. 371], has settled that point against the contention of appellant, and, as suggested by appellant, this case was probably the basis of the ruling of the trial court in the instant case.

It is also maintained by appellant that if the tax deed to him was void and conveyed no title, nevertheless he was entitled to reimbursement for a payment he had made of an assessment against the property for street improvements. That matter is directly decided, contrary to the contention of appellant, in the case of *Numitor Gold Min. Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464, 467] ; wherein it is said:

''Subdivision 5 of section 3898 of the Political Code provides that in an action at law, before a conveyance of real property made upon a sale for delinquent taxes can be set aside as void, the holder of such deed must first be repaid 'the full amount of taxes, penalties and costs paid out and expended by him. . . . '

''This statutory provision appears to embrace all classes of expenditures, the repayment of which the legislature intended to make a prerequisite to the entry of a decree declaring a tax deed void on account of irregularities, and it does not pretend to include expenditures for betterments or improvements. Nor can the term 'costs' as it is used in this section be construed to include improvements. Evidently the legislature, in the use of this term, was considering only the costs which might be incurred on the sale of the property for delinquent taxes.''

To the same effect are the cases of *Coleman* v. *County of Los Angeles,* 180 Cal. 714 [182 Pac. 440] ; *McPhail* v. *Nunes,* 48 Cal. App. 383 [192 Pac. 95] ; *Smith* v. *Golden State Syndicate,* 43 Cal. App. 346 [185 Pac. 209].

The judgment appealed from is affirmed.

Waste, C. J., Preston, J., Shenk, J., Richards, J., Seawell, J., and Curtis, J., concurred.