[L. A. No. 12955. In Bank.—March 21, 1935.]

A. H. KNOKE, Respondent, v. EMMA L. SWAN, Appellant.

A. G. Alm, Elliott H. Barrett and Charles J. Kelly for Appellant.

McKenna & McKenna, Catherine A. McKenna and J. Irving McKenna for Respondent.

THE COURT.—This is an action to quiet title to a lot in the city of San Francisco. Defendant is the record owner of the property. Plaintiff's chief claim of title is through a tax deed. The record shows, however, that the land was sold for two cents less than the legal amount of taxes, penalties and costs due at the time of sale. The question is whether this error renders the sale invalid.

█ Were this point newly presented, we should hesitate to declare void a title founded on proceedings where the error was so small. However, it has been several times decided in this state that the maxim "*de minimis non curat lex*" does not apply to tax sales, which are deemed unauthorized unless conducted in strict accordance with the statute. Such has been the holding of our cases where the sum was for an amount greater than that actually due (*Hotchkiss* v. *Hansberger,* 15 Cal. App. 603 [115 Pac. 957]; *Warden* v. *Broome,* 9 Cal. App. 172 [98 Pac. 252]; *Miller* v. *Williams,* 135 Cal. 183 [67 Pac. 788]; *Hall* v. *Park Bank,* 165 Cal. 356 [132 Pac. 452]); and the same conclusion has been reached where the amount was less than that due, unless the discrepancy was only a fraction of a cent. (*Jordan* v. *Beale,* 172 Cal. 226 [155 Pac. 990]; *Chapman* v. *Jocelyn,* 182 Cal. 294 [187 Pac. 962]; see *Gottstein* v. *Kelly,* 206 Cal. 742 [276 Pac. 347].) The cases in other jurisdic-

tions are in conflict, but we are bound by the above decisions, and accordingly conclude that plaintiff has failed to establish a good title based on the tax sale.

 Plaintiff also makes a claim of title by adverse possession, but the record shows that the possession was interrupted by the filing of the action before the statutory period had elapsed, and this, of course, removes the basis of such a claim. (*Estate of Richards,* 154 Cal. 478 [98 Pac. 528]; *Myran* v. *Smith,* 117 Cal. App. 355 [4 Pac. (2d) 219].)

The judgment is reversed.