[Civ. No. 9588. Second Appellate District, Division One.—February 25, 1936.]

ELIZABETH TOFTE, Respondent, v. VICTORIA AUDET TOFTE, Appellant.

Chas. H. Adkins for Appellant.

J. M. Stevens and Ben W. Henderson for Respondent.

WHITE, J., *pro tem.*—This is an appeal from a judgment after trial before the court without a jury, in which respondent herein obtained judgment for $3,500 for the alienation of the affections of her husband by appellant.

Appellant assails the judgment first on the ground that plaintiff's cause of action was barred by the statute of limitations, and in pleading that defense in her answer defendant averred that "For further answer defendants allege that the said plaintiff's action is barred by the Statute of Limitation set forth in section 339 of the Code of Civil Procedure of the State of California", which section provides a two-year limitation.

Respondent contends, and appellant concedes, that this class of actions is barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure, which limits the bringing of such actions to one year after the accrual of the cause of action. ▊ It appears to be the rule in this state that the one-year period of limitation applies to actions for alienation of affections. (Code Civ. Proc., sec. 340, subd. 3; *Harp* v. *Ferrell,* 115 Cal. App. 160 [300 Pac. 978] ; *Davis* v. *Conant,*

10 Cal. App. (2d) 73 [51 Pac. (2d) 151]; *Mohn* v. *Tingley*, 191 Cal. 470 [217 Pac. 733].) ▮▮ It is respondent's contention that the defendant having pleaded section 339 and not the correct section, 340, subdivision 3, as a bar, she was precluded at the trial and on appeal from claiming the benefit of the statute of limitations not specifically and correctly pleaded.

With this contention of respondent's we do not agree. We are of the opinion that when a defendant relies for answer upon any provision of the statute of limitations applicable to cases of this nature he need not necessarily plead all of the statutes upon which he intends to rely in his separate defenses. The defendant relying for answer upon any provision of the statute of limitations is not required, nor do the rules of pleading permit him, to allege matters of law. The facts are required to be stated which bring the case within the operation of the statute, and the court will apply to them the law. To this action for alienation of affections the defendant pleaded that the cause of action accrued more than two years before the commencement of the suit, and if it accrued more than two years prior to the commencement of the action it must of necessity have accrued more than one year before the commencement of the litigation, and consequently was barred by section 340, subdivision 3. The nature of the action, not the allegations of defendant's answer, will determine what statute is applicable as a bar to recovery. (*Boyd* v. *Blankman*, 29 Cal. 19, 45 [87 Am. Dec. 146].)

▮▮ The record in this case is replete with evidence that respondent knew and believed that her husband's affections had been stolen from her by the appellant herein as far back as 1927, and if added evidence were needed as to such knowledge on her part more than one year preceding the commencement of the action, it is found in her answer to the divorce case instituted against her by her husband and filed February 21, 1928, wherein she admits the allegation in her husband's complaint that she and her husband separated December 15, 1927, upon which date she affirmatively alleges in her cross-complaint in the divorce action that her husband deserted her. The evidence clearly indicates that respondent herein and her husband never lived together as husband and wife after December 15, 1927. These facts justify but one reasonable conclusion, and that is that the parties did sep-

arate and the cause of action accrue on December 15, 1927. Since the action upon which this appeal is predicated was not filed until October 13, 1932, it is clear that the statute of limitations had already run.

Appellant herein pleaded in her answer that the cause of action was barred by the statute of limitations, and though she relied on the wrong section of the code in so pleading, yet she gave notice in her answer that she relied upon that defense. No demurrer or other objection was interposed to the answer, which, for the purposes of the trial, was assumed to sufficiently present the defense. And although the court made no findings on the issue presented by the affirmative defense, the record contained ample evidence to warrant the court in finding that the cause of action was barred by the statute of limitations. (*Churchill* v. *Woodworth,* 148 Cal. 669, 676 [84 Pac. 155, 113 Am. St. Rep. 324].)

Under these circumstances, we are satisfied that the attempt to plead the statute of limitations should not be treated as a nullity, and that the objection to the manner of pleading it was waived by the failure of respondent to urge such objection in the trial court.

The conclusion we have arrived at on this point makes it unnecessary for us to consider the additional grounds urged on this appeal.

The judgment is reversed.

York, Acting P. J., and Doran, J., concurred.