[L. A. No. 20145.   In Bank.   Apr. 23, 1948.]

B. P. HALL et al., Respondents, v. HENRY CHAMBER-
LAIN et al., Appellants.

M. Arthur Waite, District Attorney, Julien G. Hathaway, Deputy District Attorney, Edward C. Maxwell and William T. Selby for Appellants.

Fred N. Howser, Attorney General, and E. G. Benard, Deputy Attorney General, as amici curiae on behalf of Appellants.

Wm. MacKenzie Brown and Chas. F. Gerard for Respondents.

CARTER, J.—This appeal involves an action to quiet title by plaintiffs based upon their claim of ownership of real property by virtue of a title derived from the predecessor of the record owner (that is, the owner whose title was claimed to have been divested by proceedings for sale of the property for delinquent taxes). Defendants, Henry and Katherine Chamberlain, based their claim of title on a tax deed from the state. Plaintiffs prevailed in the court below, the court finding fatal irregularities in the delinquent tax sales and tax deeds.

It appears that in 1932, Pan American Bank of California (the predecessor in title of plaintiffs) was the owner of the property. The taxes assessed on the property for that year not having been paid, the property was sold to the state by

operation of law in 1933. The court found that the California Bank became the owner of the property on February 14, 1938, by "Commissioner's Deed on Foreclosure," evidently the result of a mortgage foreclosure in which the Pan American Bank of California was the owner-mortgagor and the California Bank the mortgagee. Five years having elapsed since the sale to the state, the tax collector conveyed the property to the state by tax deed on July 1, 1938. On July 9, 1943, the California Bank conveyed the property to plaintiffs. Following delinquent tax proceedings the state sold the property to the Chamberlains and executed a tax deed to them on March 20, 1944. The curative acts (statutes healing irregularities in tax sale proceedings) relied upon by the Chamberlains as remedying any irregularities in the tax sales and deeds, became effective on August 4, 1943, and thereafter. (Stats. 1943, ch. 458; Stats. 1945, ch. 1134.)

Before discussing the alleged irregularities in the tax sales and deeds it must first be observed that the curative acts (*supra*) are of no avail to the Chamberlains in view of the rule announced by this court in *Miller* v. *McKenna,* 23 Cal.2d 774 [147 P.2d 531]. In that case some of the property was sold to the state for delinquent taxes in 1912 and the rest in 1918. The first part was sold and conveyed by the state to a private purchaser in 1917, and the remainder in 1923. Like in the instant case, defendants rested their title on tax deeds. Plaintiffs' title was based upon an interest gained from a sheriff's sale and deed in a mortgage fore-·closure proceeding in 1937, the mortgage having been executed in 1915. The essence of the holding in the Miller case, as later stated by this court, was that: "The decision . . . withheld from the application of the [curative] act, in accordance with the limitation of section 2(b) thereof, the vested right of the plaintiff which had *intervened prior to the effective date of the curative statute.*" [Emphasis added.] (*City of Compton* v. *Boland,* 26 Cal.2d 310, 313, 314 [158 P.2d 397].) An effort is made to distinguish the Miller case on the ground that there the mortgagee had an interest prior to the institution of tax proceedings, but even assuming that would make a difference, the mortgage in the Miller case was executed after the sale by operation of law to the state for delinquent taxes. In any event we fail to see what difference it makes. As seen from the facts in the Miller case and the interpretation of its holding in *City of Compton* v. *Boland, supra,* the essential test is whether the owner (that is, the

person having title at the time delinquent tax proceedings were initiated) has thereafter transferred to a third person or such person has acquired his title to the property prior to the effective date of the curative acts.

It is argued by the Chamberlains that because the deed from the California Bank to the plaintiffs was not recorded until August 16, 1943, after the effective date of the curative act, the Miller case is not controlling in view of the provisions of the recording acts voiding unrecorded interests in real property as against a subsequently recorded interest acquired in good faith and for a valuable consideration (see Civ. Code, §§ 1214, 1215). Their claim appears to be that when the 1943 curative act became effective, the tax deed to the state, although theretofore executed and recorded, became valid, and as it was recorded before the deed from the California Bank to plaintiffs, the latter is ineffective. This argument cannot prevail for the obvious reason, that the burden was on the Chamberlains of proving that the state, when it took the deed or when the curative act became effective, was acting in good faith—without notice of plaintiffs' interest (*Bell* v. *Pleasant,* 145 Cal. 410 [78 P. 957, 104 Am.St.Rep. 61] ; *Thomas* v. *Van-Lieu,* 28 Cal. 616; *Chapman* v. *Ostergard,* 73 Cal.App. 739 [238 P. 1081] ; *Lindley* v. *Blumberg,* 7 Cal.App. 140 [93 P. 894] ) and there is no evidence on that subject.

Among the irregularities urged in the tax sale process, is the claim that the notice of the sale to the state, culminating in the deed to the state on July 1, 1938, failed to specify the correct amount of taxes for which the property was assessed and sold. The published delinquent tax list in 1933 upon which the sale by operation of law was based, lists the delinquency as $56.46, which presumably embraced all taxes, penalties and costs due on the property as prescribed by section 3764 of the Political Code in 1933. The addenda to the delinquent tax list which was published in 1938 and led to the deed to the state of July 1, 1938, stated that notice was given that on July 1, 1938, the following described property would be deeded to the state on July 1, 1938, unless redeemed. Under a column designated "Least Amount Accepted at Sale," and opposite a description of the property here involved, appears the sum of $58.46 ($2.00 more than the amount in the first mentioned delinquent list). At the time of the publication and the execution of the deed to the state, provision was made for deeding the property to the state rather than a sale to a private purchaser (Pol. Code, § 3817d, as of 1938), and

the notice of such deeding was required to be published in the addenda and to state the amount for which the property was sold to the state (that is, previously sold by operation of law). (Pol. Code, § 3817d, as of 1938.) As seen, the addenda in the instant case did not purport to give the amount for which the property was sold to the state but listed the amount under the heading "Least Amount Accepted at Sale" and the amount was $2.00 greater than the amount for which the property was sold to the state.

The delinquent list with the addenda constituted the only notice to the owner that his property would be deeded to the state. The notice was defective in that it failed to state correctly the amount for which the property was sold to the state and the designation of the nature of the figure stated. It therefore failed to comply with the statute. Such failure to comply with the statute in regard to notice is fatal. (*Knoke* v. *Swan,* 2 Cal.2d 630 [42 P.2d 1019, 97 A.L.R. 841] ; *Gottstein* v. *Kelly,* 206 Cal. 742 [276 P. 347] ; *Hall* v. *Park Bank of Los Angeles,* 165 Cal. 536 [132 P. 452] ; *Miller* v. *Williams,* 135 Cal. 183 [67 P. 788] ; *Warden* v. *Gries,* 120 Cal.App. 187 [7 P.2d 342] ; *Warden* v. *Broome,* 9 Cal.App. 172 [98 P. 252].)

■ The Chamberlains argue, however, that the deed to the state was conclusive evidence of compliance with the law. At the time of the deed to the state the statutes provided that the deed was "primary evidence that: 1. The property was assessed as required by law; 2. The property was equalized as required by law; 3. The taxes were levied in accordance with law; 4. The taxes were not paid; 5. At a proper time and place the property was *sold as prescribed by law,* and by the proper officer; 6. The property was not redeemed; 7. The person who executed the deed was the proper officer; 8. Where the real estate was sold to pay a poll-tax or taxes on personal property, that the real estate belonged to the person liable to pay the tax." [Emphasis added.] (Pol. Code, § 3786.) The following section reads: "Such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all *other* proceedings, from the assessment of the assessor, inclusive, up to the execution of the deed." [Emphasis added.] (Pol. Code, § 3787.) These sections must be read together, and it is apparent that section 3787, which gives the effect of conclusive evidence as to all *other* proceedings, must refer to proceedings *other* than those mentioned in section 3786. As to the latter,

the deed is only prima facie evidence. (*Bernhard* v. *Wall,* 184 Cal. 612 [194 P. 1040] ; *McDonough* v. *Cooper,* 179 Cal. 384 [177 P. 153] ; *Hayes* v. *Ducasse,* 119 Cal. 682 [52 P. 121].) ██ It is apparent, therefore, that under those sections (Pol. Code, §§ 3786, 3787) the deed is prima facie but not conclusive evidence of due publication of the delinquent tax list and the giving of notice (see *Gramson* v. *Geniella,* 209 Cal. 610 [289 P. 817] ; *Scott* v. *Beck,* 204 Cal. 78 [266 P. 951] ; *Bell* v. *Brigance,* 74 Cal.App. 322 [240 P. 50]), and where a notice is mailed, a direction to return it to the sender if not delivered within a certain time (which is different from that fixed in the statute) is fatal. (*Joslin* v. *Shaffer,* 66 Cal.App. 69 [225 P. 307].) It must, therefore, follow, that *the defect in the published delinquent tax list* which gave notice of the deeding of the property to the state, being embraced within the italicized portion of subdivision 5 of section 3786 as above quoted, was not cured by the deed here involved which was only prima facie evidence of the regularity of the tax sale proceedings. For those reasons we hold that the notice here involved, which failed to comply with the statute (specify correct amount for redemption of property), constituted a defect in the sale, and hence the property was not sold at a proper time and place as required by law under subdivision 5 of section 3786. The presumption to the contrary is rebuttable and falls under section 3786 rather than section 3787. It was rebutted in this case.

██ It is urged that the deed from the state to the Chamberlains executed in 1944 was conclusive evidence of the regularity of all the proceedings from and including the assessment. But in 1938, when the property was deeded in the foreclosure proceeding to the California Bank, such tax deed was merely prima facie evidence of the regularity of such proceedings. (Pol. Code, § 3897, as it read in 1938.) Although such a deed was later made conclusive evidence (see Rev. & Tax. Code, § 3711 formerly Pol. Code, § 3836.1 as added in 1939, Stats. 1939, ch. 529), that change in the law, if applied to the facts of this case, would have the same effect as a curative act. Before it was made conclusive evidence the interest of California Bank had intervened, and under *Miller* v. *McKenna, supra,* its interest was vested and could not be divested by the change in the law. The plaintiffs, although they acquired their title after the change in the evidentiary effect of the deed, acquired the right of the California Bank. If that were not true the vested interest of an intervening owner

would be of small value, inasmuch as any change in the law validating the tax proceedings after he acquired his interest would deprive him of the right to transfer such interest. Such cases as *Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111] ; *Bray* v. *Jones,* 20 Cal.2d 858 [129 P.2d 357] ; *South San Joaquin Irr. Dist.* v. *Neumiller,* 2 Cal. 2d 485 [42 P.2d 64], and *Buck* v. *Canty,* 162 Cal. 226 [121 P. 924], to the effect that the state may, at any time after property is deeded to the state, change the method of its disposition and cut off the right to redeem, do not alter the result. Here we have statutes purporting to cure defects, which, to be applicable here, and cut off an intervening vested right, must cure a fatal defect in the proceeding for sale of the property to the state.

Finally, it is urged that plaintiffs' action is barred by the limitation provision found in the Revenue and Taxation Code, reading: ''A proceeding based on an alleged invalidity or irregularity of any deed to the State for taxes or of any proceedings leading up to the deed can only be commenced within one year after the date of recording of the deed to the State in the county recorder's office or within one year after June 1, 1941, whichever is later.

''Sections 351 and 358, inclusive, of the Code of Civil Procedure do not apply to the time within which a proceeding may be brought under the provisions of this section.'' (Rev. & Tax. Code, § 3521.)

It is conceded that the time limitation specified in said section had elapsed when the instant action was commenced. However, prior to the decision of this case by the District Court of Appeal, Second Appellate District, Division Two (*Hall* v. *Chamberlain,* (Cal.App.) 183 P.2d 743) no mention of the above-quoted section was made by any of the parties nor was any claim made by them that the proceeding was not timely brought. The Chamberlains first relied upon that section in this court after the District Court of Appeal had made it a ground for its decision.

The general rule is firmly established that if a statute of limitation is not pleaded it is waived. (16 Cal.Jur. 603-604.) In the instant case plaintiffs' action was phrased in the conventional terms of one to quiet title. Inasmuch as tax deeds were outstanding, for plaintiffs to prevail it was incumbent upon them to negative such deeds, and the Chamberlains should have pleaded the statute of limitation to that issue. Even if we put the matter in a different way, that is, assum-

ing that plaintiffs would rely upon their conveyance from the record owner, defendants would counter with the tax deeds, plaintiffs would assert the invalidity of those deeds, and defendants would reply that the statute had run, the need for pleading the statute still exists.

To escape the effect of the general rule the Chamberlains advance the argument that statutes of limitation may be pleaded by pleading the facts rather than making a specific reference to the statute involved. They rely upon such cases as *Osborn* v. *Hopkins*, 160 Cal. 501 [117 P. 519, Ann.Cas. 1913A 413]; *Tofte* v. *Tofte*, 12 Cal.App.2d 111 [54 P.2d 1137]; *Franklin* v. *Southern Pacific Co.*, 40 Cal.App. 31 [180 P. 76], and refer to the allegations in the answer of defendant Ventura County: "That on or about the 1st day of July, 1938, the defendant Robert S. Cooney, duly elected, qualified and acting Tax Collector of the County of Ventura, did execute and deliver to the State of California a deed conveying to the State of California the property described in said paragraph III, for delinquent taxes as provided by law, said deed being recorded in Volume 498, at page 380, Official Records of Ventura County; that thereafter, on or about March 20, 1944, in the manner provided by law, the said property was sold by the said Robert S. Cooney to the defendant Henry Chamberlain; that thereafter the said Robert S. Cooney duly made and executed a deed conveying said property to the said Henry Chamberlain, said deed being recorded in Volume 691, at page 283, Official Records of Ventura County." Assuming defendants, the Chamberlains, may take advantage of the pleading of the codefendant, Ventura County, yet the "facts" are not pleaded. The essence of the rule requiring the statute to be pleaded is to apprise plaintiff that defendant intends to rely upon that defense. While it may be that inferentially, the times being stated, it follows that the action was not timely filed under the statute, yet more is required. There must be some expression that lateness of the commencement of the action is a ground of defense. It is the contention of the Chamberlains that the effect of section 3521 is to vest title in the state, but it is manifestly nothing more than an ordinary statute of limitation, that is, a personal defense which may be waived.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Schauer, J., and Spence, J., concurred.

TRAYNOR, J.—I dissent.

Had the property remained in the hands of the owner-mortgagor until the effective date of the Curative Act of 1943, the deed to the state would unquestionably have been validated by that act. (*Miller* v. *McKenna*, 23 Cal.2d 774, 781-782 [147 P.2d 531], and cases there cited.) Under the majority opinion, however, the rights of plaintiffs and their immediate predecessor in interest, whether or not they had actual or constructive notice of the claims of the state, are greater than those of the owner-mortgagor, even though they took title to the land subject to the prior claims of the state for the delinquent taxes.

The question whether plaintiffs or their predecessor are bona fide purchasers is not considered in the majority opinion or in *Miller* v. *McKenna, supra,* upon which it relies, although the rule relied upon is designed solely for the protection of innocent third persons. (*McFaddin* v. *Evans-Snider-Buel Co.,* 185 U.S. 505, 510-511 [22 S.Ct. 758, 46 L.Ed. 1012] ; *United States Mortgage Co.* v. *Gross,* 93 Ill. 483, 494, aff'd, 108 U.S. 477 [2 S.Ct. 940, 27 L.Ed. 795] ; see 16 Am.Jur. 449.) The foreclosure deed to the California Bank was executed after the taxes had been delinquent for nearly five years. Plaintiff did not even show that the California Bank acquired the foreclosure deed without actual notice of the claim of the state for taxes, which was a matter of public record. The plaintiffs themselves acquired whatever rights the California Bank had in the property after the deed to the state had been recorded, and there is no showing that they acquired that interest without actual notice of the claims of the state.

Under established principles of law plaintiffs could have no rights against the state superior to that of their predecessors in interest. The court in this case and in the Miller case creates for plaintiffs a vested right in the minor defects in the tax deed to the state. I can find no basis in reason or authority for the creation of this right and must therefore dissent for the reasons set forth in my dissenting opinion in *Miller* v. *McKenna, supra,* 23 Cal.2d 774, 792.

Edmonds, J., concurred.

Appellants' petition for a rehearing was denied May 20, 1948. Traynor, J., voted for a rehearing.