[Civ. No. 16260.   Second Dist., Div. Three.   Nov. 3, 1948.]

MIKE LANDFIELD, Respondent, v. CHARLES GARDNER, as Administrator With the Will Annexed, etc., et al., Defendants; JAMES H. STUART, Appellant.

John F. Poole and H. F. Poyet for Appellant.

Mohr & Borstein for Respondent.

SHINN, P. J.—Plaintiff brought this action to quiet his title to real property which is based upon a tax deed from the state. He named as defendants, Charles Gardner, as administrator with the will annexed of the estate of Annie Blanchard, deceased, James H. Stuart and Isis Smith. Defendant Gardner

did not appear and default judgment was entered against him as administrator. Defendant Stuart answered, denying plaintiff's title and alleging himself to be the owner of the property; Isis Smith also denied plaintiff's title and alleged herself to be the owner. Under stipulation, her answer was deemed to be also the answer of her husband, Wallace Smith. Findings and judgment were for plaintiff, as the owner and entitled to possession of the land, and that defendants, Stuart, Isis Smith and Wallace Smith had no interest therein. James H. Stuart alone appeals. The record is presented in the form of a settled statement.

Appellant, in his briefs, attacks the validity of the tax deed to plaintiff. He contends that the proceedings leading up to the deed to the state and the deed from the state to plaintiff were defective and invalid in the following particulars: (1) that the amount for which the property was to be sold was stated in the published delinquent tax list to be $522.32, whereas the correct amount was $523.51, an understatement of $1.19; (2) that "the published notice says 'Taxes,' 'Assessments,' 'Penalties' and 'Costs.' If there were no assessments in the record, this was an imposition and wholly invalid"; (3) "No proper affidavit to delinquent publication and assessment roll. This is absolutely essential"; (4) "There is no sufficient affidavit—No venue"; (5) "High School Levy excessive"; excess charges of $449,103.03 being listed as the total of "Collection charge against personal property, Los Angeles High School District, for which no levy was made." Another point is made, namely, that the complaint was insufficient in that it did not state the various steps in the taxation proceedings leading up to the execution of the deed to plaintiff.

The settled statement, after setting forth the evidence introduced by plaintiff, consisting of the tax deeds and proof of plaintiff's purchase, recites that the defendants introduced, (1) general tax schedules of the county of Los Angeles for the year 1931-2; (2) affidavit of the county auditor to the assessment roll for the year 1931; (3) assessment roll, Los Angeles County, for the year 1931, "with special reference to assessment No. 20695 against Annie Blanchard"; (4) delinquent assessment roll for the year 1931; (6) "Postal receipt for mailing of the assessment of 1931-1936." The settled statement also recites that plaintiff introduced into evidence a deed of Minnie K. Currant, which purported to convey the real property in question to James H. Stuart, and also a

deed of James H. Stuart purporting to convey said real property to Isis Smith. Plaintiff also introduced into evidence probate file No. 167400, Los Angeles County, entitled "Estate of Annie Blanchard, deceased." The clerk's transcript contains a stipulation of counsel that "the clerk is also directed to include therein [the transcript], but the same need not be copied, and to transmit the originals thereof to the reviewing court the following documents: (1) All of plaintiff's exhibits; (2) All of defendants' exhibits." The settled statement does not contain any of those portions of the voluminous public records upon which appellant relies to establish invalidity of the proceedings, nor does appellant in his brief or appendix thereto set forth such portions of the records. He also assumes that Annie Blanchard was the owner of the property when the taxes were levied and the property sold to the state. He offered no proof of that fact, nor does he inform us as to the manner in which, or the time when, Minnie K. Currant is supposed to have succeeded to the interest in the property of Annie Blanchard. Neither does he give us the date of the deed from Currant to Stuart or the deed of Stuart to Isis Smith. Apparently we are expected to examine the numerous exhibits and glean the pertinent information from them.

Under rule 6, Rules on Appeal, the parties may present a record on appeal consisting in whole or in part of an agreed statement, and this may be accompanied by a list of such exhibits as the parties desire to have transmitted as originals. Under rule 5e, in preparing his transcript the clerk, unless directed by one of the parties, is not required to copy exhibits which may be transmitted in original form to the reviewing court. The privilege extended by the rule of transmitting originals to the reviewing court does not justify attorneys in following that procedure where only brief passages or provisions of bulky documents are necessary for the purposes of the appeal and these can be easily extracted from the exhibits and incorporated in the settled statement. The rule is designed to save labor, expense and inconvenience and should not be followed blindly where the result will be to place unnecessary burdens on the county clerk and the reviewing court.

Appellant's briefs contain no quotations from the various exhibits. He contents himself with such statements as "the affidavit to the assessment roll and delinquent assessment roll in evidence are defective," evidently expecting this court to examine the original for defects. The same is true as to figures purporting to state the amount of taxes and penalties

against the property and the basis of the levy for high school purposes. There is not even a reference to the exhibits or portions thereof which it is claimed would furnish support for the statements in the briefs of appellant. If we should search through the exhibits we would find nothing in them except short isolated portions that could have been conveniently incorporated in the settled statement, or in appellant's briefs, or a supplement thereto. The use of original exhibits, consisting as they do here of the records of the county in matters of taxation, introduced for the purpose of proving a few isolated entries, is a misuse of the privilege accorded by the Rules on Appeal.

The foregoing observations are not occasioned by any inconvenience which this court has suffered on the present appeal. They are for the general benefit of attorneys who may be confronted with the problem of deciding whether it would not be better practice to include the pertinent portions of given exhibits in a settled statement than to have the originals transmitted to the reviewing court. Where the exhibits are of great size or length and the portions thereof which are relied upon by the parties can be incorporated in the record at a trivial expenditure of time and labor, transmission of the originals is unnecessary and inadvisable. ■ The settled statement is an appropriate method for the preparation of an abbreviated and adequate record.

Respondent relies, in part, upon the curative acts (Stats. 1943, ch. 458; Stats. 1945, ch. 1134). Citing *Hall* v. *Chamberlain,* 31 Cal.2d 673 [192 P.2d 759], and other cases of like import, appellant seeks to escape the effect of these acts upon the ground that title to the property passed from Annie Blanchard to Minnie K. Currant, from her to James H. Stuart, and from Stuart to Isis Smith, presumably before the effective date of the 1943 act, although in his briefs he does not advise us when these transfers are supposed to have taken place. We find it unnecessary to examine the probate file and the several deeds listed as exhibits to which we have been referred. ■ It is shown by the record that appellant, James H. Stuart, conveyed the property to Isis Smith and that Isis Smith, through the same attorney who appeared for Stuart, alleged in her answer that she is the fee simple owner of the same. In his reply brief appellant says, "it was considered by the trial court, attorneys for plaintiff and defendant, and the evidence in the record, that the interest of James H. Stuart and Isis Smith were identical, that one was holding for the other."

The record is to the contrary. It appears that James H. Stuart has no interest whatever in the property. He is not aggrieved by the judgment and Isis Smith, his grantee, does not appeal.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.