[Civ. No. 20866.   Second Dist., Div. Two.   June 24, 1955.]

RICHARD M. CHEW et al., Respondents, v. STUART H. LEACH, as Executor, etc., Appellant.

LeRoy B. Lorenz and Philip T. Lyons for Appellant.

Thomas G. Neusom for Respondents.

McCOMB, J.—Defendant appeals from an interlocutory judgment of partition of real property.

*Facts*: On March 31, 1949, plaintiffs filed a complaint against William M. Anderson who was in possession of the real property which is the subject of this action. In such complaint plaintiffs claimed an undivided one-half interest in the real property. On April 11, 1949, defendant William M. Anderson filed an answer in which he admitted plaintiffs were the record owners of an undivided one-half interest in the property, but denied that they owned any interest in fact.

On July 2, 1953, defendant William M. Anderson died, and Stuart H. Leach was appointed the executor of his estate and substituted in the present proceedings.

On January 14, 1954, plaintiffs filed an amended complaint for partition of the property. Defendant answered, denying the ownership of plaintiffs, and alleged the property to have been the sole property of the deceased William M. Anderson, and for an affirmative defense alleged that decedent William M. Anderson and defendant, as his successor, had been continuously in possession of the property from February 1, 1948, to January 15, 1954, and hence had a prescriptive title to the property.

This is the sole question necessary for us to determine: *Did the evidence sustain the trial court's finding that defendant was not in the peaceable and undisputed possession of the real property in question for five years prior to the commencement of the present action?*

*Yes.* The record discloses that in the instant case defendant's predecessor went into possession February 1, 1948; that the original complaint was filed March 31, 1949, and the five year period in order to vest title in defendant by adverse possession did not elapse until February 1, 1953. Therefore it is clear that defendant and his predecessor were not in uninterrupted possession of the property for five years, since the filing of the complaint before the statutory period had elapsed interrupted defendant's possession so as to prevent any title arising by adverse possession. (*Knoke* v. *Swan*,

2 Cal.2d 630, 632 [2] [42 P.2d 1019, 97 A.L.R. 841]; *Estate of Richards*, 154 Cal. 478, 488 [98 P. 528].) Hence the provisions of section 1007* of the Civil Code have no application to the present case.

No error appearing in the record, the judgment is affirmed.

Fox, J., concurred.

A petition for a rehearing was denied July 11, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1955.

*Section 1007, Civil Code, reads in part as follows:
"Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all. . . ."